Baldwin, J.
delivered the opinion of the court.
The court is of opinion, that in a controversy concerning the boundary or locality of a tract of land granted by the commonwealth, pursuant to a survey, the calls and description of a survey made by the same surveyor, about the same time, or recently thereafter, of a coterminous or neighbouring tract, upon which last mentioned survey, a grant has also issued from the commonwealth, whether to a party to the controversy, or a stranger, is proper evidence upon such question of boun *223 dary or locality, unless plainly irrelevant; to have such weight with the jury as under all the circumstances, they may consider it entitled to. And, therefore, that the said circuit court erred in rejecting the surveys for Thomas and Lewis, mentioned in the second branch of the demandants’ first bill of exceptions.
The court is further of opinion, that in a controversy concerning the boundary or locality of a tract of land granted by the commonwealth, upon a survey made by a duly authorized surveyor, evidence is properly admissible of declarations by such surveyor, or by chaincarriers who assisted him in making such survey, or by other persons present at such survey, of the acts done by, or under the authority of, such surveyor, in making such survey, unless plainly irrelevant; and as to the persons present at such survey, to have such weight as the jury, under all the circumstances, may consider it entitled to: provided however, that such declarations were not made post litam motam, and are not in contradiction of such surveyor’s official report of such survey ; and provided that the person or persons who made such declarations, be dead at the time of the trial: And, therefore, that there is no error in the decision of the said court, admitting the evidence of the declarations of the surveyor William Pettyjohn, mentioned in the tenant’s first bill of exceptions: But that said court erred in rejecting the evidence of the declarations of Major Powers, mentioned in the first branch of the demandants’ first bill of exceptions.
The court is further of opinion, that on the trial of a writ of right, upon the mise joined on the mere right, the tenant is entitled to the opening and conclusion of the cause before the jury: And, therefore, that there is no error in the decision of the said circuit court stated in the demandants’ second bill of exceptions.
The court is further of opinion, that where the land in controversy is embraced by conflicting grants from *224 the commonwealth, to different persons; and the junior patentee enters thereupon, and takes and holds actual possession of any part thereof, claiming title to the whole under his grant; that such adversary possession 0f part 0£ qle }an¿ in controversy, is an adversary possession of the whole, to the extent of the limits of the younger patent; and to that extent is an ouster of the seisin or possession of the older patentee, if the latter has had no actual possession of any part of the land within the limits of his grant. But that if the older patentee, at the time of such entry of the younger patentee, is in the actual possession of any part of the land in controversy; then that the latter can gain no adversary possession, beyond the limits of his mere enclosure, without an actual ouster of the older patentee, from the whole of the land in controversy. And, moreover, that upon the question of adversary possession, it is immaterial whether the land in controversy, be embraced by one, or several coterminous grants of the older patentee; or one or several coterminous grants of the younger patentee: in either case, the lands granted to the same person by several patents, mustjbe regarded as forming one entire tract. Wherefore, the court, so understanding the instruction of the said circuit court to the jury, stated in the demandants’ third bill of exceptions, is of opinion that there is no error therein, so far as it conforms to the opinions above expressed.
The remaining question arising on the third instruction, is, whether the actual possession under the elder patent, that is to say, the pedis posiiio, or actual occupancy by building, clearing, cultivating, or enclosure, which would limit the adversary possession under the junior patent, to that part of the interlock or lap, within his enclosure, must be of a part of the land within the lap; and whether such actual possession under the elder patent, of part of the land not within the lap, would thus limit the adversary possession under the junior pa *225 tent, to his enclosure. On this question no judgment is pronounced, because of the diversity of the opinions of the judges thereon; and because of the high probability that whatever that judgment might be, it would have no practical effect in this particular case.
The court is further of opinion, that where lands have been granted by the commonwealth to different persons, by conflicting patents, the junior patentee cannot, under any circumsances, disseize or oust the older patentee from, or acquire an adversary possession of, the land in controversy, but by the actual occupation of some part thereof, or the use or enjoyment of some part thereof, by acts of ownership equivalent to such actual occupation: and that while such patented lands remain completely in a state of nature, they are not susceptible of a disseisin or ouster of, or adversary possession against, the older patentee, unless by acts of ownership effecting a change in their condition. And the court, so understanding the instruction stated in the demandants’ fourth bill of exceptions, as asked for by the demandants’ counsel, is of opinion, that the said court erred in not giving the same as asked for, without the addition thereto of the clause, “ or by the open exercise of acts of ownership over the samewhereby a disseisin or ouster of, or adversary possession against, the older patentee, was recognized as effected by acts of ownership falling short of such actual occupation, use or enjoyment as aforesaid.
The court is further of opinion, that there is no error in the instruction to the jury stated in the demandants’ fifth bill of exceptions; nor in the five several instructions to the jury stated in the tenant’s second bill of exceptions; nor in the refusal of the instruction asked for by the tenant’s counsel, stated in the tenant’s third bill of exceptions.
It is, therefore, considered by the court, that the said judgment of the said circuit court be reversed and an *226 nulled; and that the plaintiffs in error recover against defendant in error their costs by them expended in the prosecution of their writ of error aforesaid here: and this court proceeding to render such judgment as circuit court ought to have rendered, it is further considered that the verdict of the jury be set aside, and a new trial of the mise joined between the parties awarded; upon which new trial the said circuit court is to be governed by the principles above declared.