BOURDIN, J.,
delivered the opinion of 'the court.
This case comes before us on a writ of error to a judgment of the Circuit court of Patrick county, in a case of ejectment. Both parties claim under the same person, James Nowlin; the plaintiff in ejectment, under a deed of trust executed by said Nowlin on 2d of March, 1846, and the defendant under a sale by the same party, made prior to the execution of the deed of trust aforesaid, accompanied by delivery of the possession of the premises, payment in full of the purchase money, and the execution and delivery of a deed or title bond for the property, which was mislaid and never recorded, and on adverse possession of the property *under this claim and color of title for more than twenty years prior to the institution of the suit.
On the trial, the plaintiff below made out a complete paper title under James Nowlin, proved the value of the rents, and rested his case. .The defendant then proved the sale above mentioned as the foundation of his claim or title; and proved further, that after he had purchased and paid for the land in dispute, as above set forth, and had received a deed or title bond therefor, and had been put in possession of the premises, he “immediately went to work, erected a dwelling house thereon, and put up other buildings.” And then, in further support of his claim to the land, he introduced a witness, to prove that he had been in actual adverse and peaceable possession of the premises in controversy for more than twenty years before the institution of the suit; but the court excluded the testimony, being of opinion ‘ ‘that adversary possession without title could be shown before the execution of the deed of trust from Nowlin to Staples, but not afterwards.” To this ruling of the court the defendant below excepted, and- his bill of exceptions was signed and sealed by the court. The case was then submitted to the jury, who rendered a verdict for the plaintiff below for the premises in controversy, and $25 damages.
The defendant below then moved the court to set aside the verdict and award him a new trial, because the plaintiff had wholly failed to prove that the defendant was or ever had been in possession of the premises claimed. This motion was overruled by the court, and judgment was entered for the plaintiff below in accordance with the verdict; and, thereupon, the defendant below again excepted.
To this judgment a writ of error was awarded by a judge of this court, on which the case is now before us.
*It is very clear that the possession *333 of a mere intruder on the land of an- , other, without pretence or color of title, no matter how long such possession may continue, will not be deemed in law adverse to the title of the true owner, and can never ripen into a good title. But it is equally clear, that possession under color and claim of title does amount to adverse possession; and if held long enough will, under our laws, ripen into a good title; and “it has never been considered as necessary to constitute an adverse possession that there should be a rightful title.” Adams on Ejectment, appendix, p. 552, and cases there cited. “Adverse possession is a possession under color and claim of title.” Ibid, p. 553, and cases cited. And it is wholly immaterial whether this claim of title be “under a good or a bad, a legal or an equitable title.” Shanks v. Lancaster, 5 Gratt. 510.
This latter proposition should be qualified, however, by stating that the holder and claimant of property under an equitable title derived from a vendor or grantor, who retains the legal title for future conve3rance, does not hold adversely, but in subordination to the grantor’s title, and no length of possession under such title will ripen into a legal title. See opinion of this court delivered by Judge Allen, in Clarke v. McLure, 10 Gratt. 305. The case is different, however, when the defendant in ejectment or vendee claims absolute title under a deed purporting to convey title. In such case he enters and holds adversely to all the world. In the language of Judge Allen, in Clarke v. McLure, he enters and holds “as vendee of the absolute estate, and not in subordination to a title which he supposed to be extinguished by his own deed. The defendant holding in his own right, by a deed which purported to pass the legal title, there was nothing in *the relation of the parties which estopped him from showing the plaintiff had no title whatever. ’ ’ Ibid, p. 312-13. And on same page, commenting on the case of The Society for the propagation of the Gospel v. Clarke, 4 Peters R. 480, Judge Allen said: “The court held that the town claimed as grantee of the state; that their title, though derivative from and consistent with the plaintiff’s title, was a present claim in fee, in exclusion of the plaintiff’s, and their possession was adverse. This, therefore, was the ordinary case of a vendee, to whom a deed has been made. He claims through, but recognizes no subsisting title in the vendor. ’ ’ And in commenting on another case, referred to in the same opinion, Bradstreet v. Huntington, 5 Peters R. 402, Judge Allen says: “The court held, that one who enters under a deed purporting to convey to him an estate in fee, claiming to be sole and exclusive and absolute owner in fee thereof for forty years, may be regarded as holding adverse to all the world. ’ ’ And the judge goes on to say: “In this the same principle is affirmed as in the other cases, the entering and holding was not in subordination to a subsisting admitted title in another.” These principles, he says, are entirely consistent with the principles established by this court in the case of Williams v. Snidow, 4 Leigh 14. “They establish the rule as the law of that tribunal, that a person having complete legal title and possession, or entering under a deed purporting to convey the legal title, and holding the exclusive possession, is considered as holding adversely to all the world, including those from whom his title and possession are derived. The entry, or the holding in such case, imports no recognition of a subsisting title in another, by whose permission and in subordination to whose subsisting and continuing title the party enters and holds.” And *he attributes the same effect to a defective conveyance, believed to be good by the parties. The continuing title of the grantor is not recognized by taking possession under such a deed, “the quo animo with which he enters and holds is the same as if the conveyance clothed him with the complete title; and, therefore, such possession, so taken and held, may be adverse to the legal owner. ’ ’ When the contract is executory, however, and the legal title is left with the grantor for future conveyance, the privity between the parties forbids the idea of adverse holding.
Whether the contract is executory or executed, whether the defendant or vendee claims title under an absolute deed or not, is a question of fact for the jury, and not of law for the court. Adams on Ejectment, appendix, p. 600, and cases there cited.
Now, the proofs in this case show that prior to the execution of the deed of trust under which the plaintiff below claims “the said James Nowlin bargained and sold the said tract of land to his son, who was then seventeen years of age, received the entire purchase money, executed a deed or title bond thereto, which was lost or mislaid and never entered of record, and delivered it to the said Columbus Nowlin, and put him in the possession of the premises, who immediately went to work, erected a dwelling house thereon and put up other buildings.” The defendant below then offered a witness to prove that he had been in actual, adverse and peaceable possession of the land thus acquired, for more than twenty years before the institution of the suit. The court excluded this testimony; being of opinion, as above stated, that “adversary possession without title could be shown by the defendant before the execution of the deed of trust from Nowlin to Staples, but not after-wards. ’ ’
*How a possession conceded by the court to be adversary against the father before the execution by him of the deed, could cease to be adversary against the trustee after the execution of the deed of trust, without action or consent on the part of the son, we are wholly at a loss to conceive. It would seem to be much more reasonable to hold the converse of the proposition to be true — that there was no such actual privity between the son and the trus *334 tee as should prevent the former from holding adversely to the latter — whilst as between the son and father on the facts proved, there might perhaps, in one aspect of the case, be such privity. But, however that may be, and without deciding what privity, might exist between the father and son, or the grantee of the father and the son, should the jury believe from the testimony that the claim of the son was under a title bond and not a deed; it is perfectly clear under the principles of law above laid down, that if the claim was under a deed purporting to convey the title to the property, whether recorded or not (which is wholly immaterial to its validity as a deed as between the parties), an exclusive possession under such title is adverse not only against the grantor himself, but against all the world. Whether the claim of the plaintiff in error in this case was under a deed or a title bond was purely a matter of fact for the consideration of the jury. If the claim was under a deed, although not recorded, the evidence of adversary possession was clearly admissible, and the period of the continuance of such possession offered to be proved was, under the Virginia statute of limitations, more than sufficient to constitute a good title, and bar the demand of the defendant in error. By the action of the Circuit court the plaintiff in error was deprived of this defense, *and the case, in effect, was taken from the jury and decided, both on the facts and the law, by the court. In this we are of opinion that the Circuit court erred. The judgment must therefore be reversed, with costs to the plaintiff in error, the verdict set aside and a new trial awarded, and the cause remanded to the Circuit .court with instructions on the same or a like state of facts to admit the excluded testimony.
Judgment reversed.
ADVERSARY POSSESSION.
I. Generally.
a.What Constitutes Adverse Possession.
1. West Virginia Cases.
II. The Essential Elements Necessary to Perfect Title by Adverse Possession.
a. Must Be an Ouster of the True Owner.
b. Possession Must Be Actual.
c. Must Be Notorious and Visible.
d. Must Be Exclusive.
e. Must Be Continuous.
1. Effects of Entry by True Owner.
2. Several Possessions Cannot Be Tacked Unless There Is Privity of Estate.
f. Must Be under Claim of Right.
1. Extent of Possession Under Claim of Right.
III. Color of Title.
a. Defined.
b. Title Need Not Be Good.
c. Office of Color of Title.
d. Value of Color of Title.
e. Effect of Color of Title.
f. Extent of Possession under Color of Title.
IV. Conflicting Grants — Interlocks.
V. Claimant’s Possession Originally Consistent with True Owner’s Title.
a. Generally.
b. What Is Necessary on Part of Claimant.
c. Adverse Possession by Co-Parcener — What Is Necessary.
1. Presumption of Disseisin — Por the Jury.
d. Between Mortgagor and Mortgagee.
e. Possession under Executory Contract of Sale.
1. Purchase Money Paid.
2. What Is Necessary on Part of Vendee.
f. Between Trustee and Oestui Que Trust.
1. What Necessary on Part of Trustee.
g. Between Life Tenant and Remainderman.
h. Between Tenant and Landlord — What Necessary on Part of Tenant.
i. Where Claimant Has Acknowledged Title of
Owner — What Necessary.
VI. Other Matters. •
a. The Law Looks at the Intention, with Which
Possession Was Taken.
b. Tempus Real Non Occurrit.
c. The Statute as against Municipal Corporations.
1. West Virginia Cases contra.
d. What Title True Owner Possesses after Adverse Claimant’s Title Ripens into a Good Title.
I. GENERALLY.
a. What Constitutes Adverse Possession. — To constitute an adverse possession, there must be a possession under claim of title; or in reference to conflicting claims, and the statutory prescriptive bar, it must consist of an actual, exclusive, continued, visible, notorious, and hostile possession, under a colorable claim of title. 2 Min. Inst. (4th Ed.) 518.
“This possession, however, to bar the plaintiff’s right of entry must continue, not only through the period of statutory limitation, but it must be of the quality and character which the law requires. It must be uninterrupted, honest and adverse. Such possession for the period prescribed by the statute, not only gives a right of possession which cannot be divested by entry, but also gives a right of entry and of action, if the party is plaintiff, which will enable him to recover, even against the strongest proof of a title, which, independently of such continued adversary possession, would be a better title. This possession must be adverse, grounded upon an ouster or dispossession of the real owner; a possession under claim of title, is in reference to conflicting claims and the statutory prescriptive bar; it must consist of an actual, exclusive, continued, visible, notorious; and hostile possession under a colorable claim of title.” The court, in Hollingsworth v. Sherman, 81 Va. 671.
Adversary possession must be actual, exclusive, open and notorious, accompanied by a bona fióle claim of title against that of all other persons, and it must be continued for the period of the statutory bar. Creekmur v. Creekmur, 75 Va. 431.
i. West Virginia Cases. — The elements of an adversary possession of land, with reference to the statutory bar, are (1) It must be under color or claim of title. If under claim of title only, it does notrequire the act of any vendor or other party, but in such case the possession is limited to the party’s inclosure. Color of title is a deed or other writing from some one which shows the nature of the party’s claim, and defines its extent. (2) The possession must be *335 actual. The land must hear on some part of it permanent, visible, open marks of his ownership, as by occupation, cultivation, or such like use and enjoyment, such as may be seen by one who sees fit to pass that way. (3) It must be adverse. It must be held exclusively for the claimant as owner, and against all others. (4) It must be bona fide, but it is not necessary that the party should believe his claim to be a good or valid one. He may know some other one has the better right. It is not necessary for his claim to be thought good in its inception, for it generally begins in and presupposes wrong; but it must not be fraudulent, nor, except in certain cases well settled, involve any breach of trust. In this state the tenant may assert in some cases his adverse colorable title against his landlord without first restoring the possession, but his possession will not be adverse until and unless notice of his disclaimer has been distinctly and unequivocally brought home to the landlord; and, having entered under his landlord's title, he cannot dispute it, in the sense of putting him to the proof of title. But, being liable to great abuse, in such case it will be subjected to rigid scrutiny,* — a great strictness of proof. (5) Such possession must be continuous and uninterrupted for (10 years by our law) the period prescribed by the statute — “continuous,” in the sense of not being abandoned by himself; “uninterrupted.” in the sense of not being effectively broken by another. Swann v. Young, 36 W. Va. 57, 14 S. E. Rep. 426.
II. THE ESSENTIAL ELEHENTS NECESSARY TO PERFECT TITLE BY ADVERSE POSSESSION.
a. Must Be an Ouster of the True Owner. — There must be an entry that will amount to an ouster of the true owner. Creekmur v. Creekmur, 75 Va. 430; Core v. Faupel, 24 W. Va. 238.
b. Possession Must Be Actual. — The possession of the demandant must be actual. Dawson v. Watkins, 2 Rob. 259; Turpin v. Saunders, 32 Gratt. 27; Pasley v. English, 5 Gratt. 141; Anderson v. Harvey's Heirs, 10 Gratt. 386; Core v. Faupel, 24 W. Va. 239.
Surveying Land Not Enough. — The demandant in a writ of right claims the land (of which the tenant is in possession) under a patent bearing date the 17th of June 1786, and the tenant disproves the constructive seisin of the demandant, by showing a patent for a large tract embracing the same land, which issued as early as the first of December 1773. Whereupon the demandant, to establish a seisin in deed by a pedis positio, proves that the patentee under whom he claims came, in 1824 or 1825, to the county in which the land lies, and employed an agent to enter upon and survey the said land and various other tracts in the same county; that the said agent procured a surveyor and chain carriers immediately thereafter, who went upon the land in question, and surveyed and remarked the same for the patentee. Held, these facts are not sufficient to authorize a jury to find a seisin in the demandant. Dawson v. Watkins, 2 Rob. 259.
Fact That Claimant’s Cattle Wander over Land Not Enough.--The mere fact that herds of cattle wander over wild and uncultivated lands do not constitute adversary possession in favor of the owner of such cattle. Turpin v. Saunders, 32 Gratt. 27.
Claimants Cutting Timber Not Enough. — a temporary possession of land by cutting and sawing timber upon it. is not such an adversary possession as will give title. Pasley v. English, 5 Gratt. 141; Anderson v. Harvey, 10 Gratt. 386.
Usual Hodes of Actual Possession. — The most usual mode of actual possession is by occupancy, use or enjoyment, residence, cultivation, enclosure and improvement. Core v. Faupel, 24 W. Va. 239.
Wild and Uncultivated Lands Not Subjects of Adver= sary Possession — Must Be a Change of Their Condi** tion. — Wild and uncultivated lands cannot be the subject of adversary possession whilst they remain completely in a state of nature. A change in their condition, to some extent, is essential; without such change, accomplished or in progress, there can be no occupation, use or enjoyment. Evidence short of this may prove an adversary claim, but cannot establish an adversary possession. Turpin v. Saunders, 32 Gratt. 28.
While patent lands remain uncleared, or in a state of nature, they are not susceptible of adversary possession against the elder patentee, unless by acts of ownership effecting a change in their condition. Koiner v. Rankin’s Heirs, 11 Gratt. 420.
c. Must Be Notorious and Visible. — The ground upon which an adversary title is established is the supposed laches of the true owner. The possession of the adverse claimant must not only be with claim of title, but must be visible, and of such notoriety that the true owner may be presumed to know of it. Turpin v. Saunders, 32 Gratt. 28; Core v. Faupel, 24 W. Va. 239; Hollingsworth v. Sherman, 81 Va. 671.
Secret Lease Taken by Tenant. — if a tenant takes a secret lease or conveyance for the land from a third party, claiming to be the owner, without the knowledge of his landlord, the character of his possession will not be changed. Voss v. King, 33 W. Va. 236, 10 S. E. Rep. 402.
d. HustBe Exclusive. — Adverse possession in any case, in order to effect an ouster of the owner, must in its nature possess such notoriety, that the owner may be presumed to have notice of it and of its extent. It must be open, visible and exclusive. Core v. Faupel, 24 W. Va. 239; Hollingsworth v. Sherman, 81 Va. 671.
e. Must Be Continuous. — In an action of ejectment, where the defendants rely upon their adversary possession of the premises, they must show not only entry, but they must show that their possession has been continuous during a period necessary to give title under the statute of limitations. A break in the possession restores the seisin of the true owner. Stonestreet v. Doyle, 75 Va. 356.
If the tenant, or those under whom he claims, have abandoned their possession within the 25 years, the statute of limitations is no bar to the demandants’ title under his elder patent. Taylor's Devisees v. Burnsides, 1 Gratt. 166.
An adverse possession must be continuous and uninterrupted. There can be no constructive possession against the owner. When there is no actual possession, the law ascribes the possession to the owner. Consequently, if at any time during the statutory period the adverse claimant does not continue in the possession, so that he may be sued as a trespasser, he cannot protect his claim by the statute of limitations. Core v. Faupel, 24 W. Va. 239.
i. Effects of Entry by True Owner. — The tenant cannot sustain his defence of continued adversary possession, so as to make the statute a bar, if the demandants, or those under whom they claim, have within the period of 25 years before bringing the action, entered upon the land in controversy, and taken actual possession thereof, by residence, improvement, cultivation, or other open, notorious *336 and habitual acts of ownership. Taylor’s Devisees v. Burnsides, 1 Gratt. 166.
2. Several Possessions Cannot Be Tacked Unless There Is Privity of Estate. — The court, in Hollingsworth v. Sherman, 81 Va. 674, says: “It is, indeed, a principle well established that where several persons enter on land in succession, the several possessions cannot be tacked, so as to make a continuity of possession, unless there is a privity of estate, or the several estates are connected.
“Whenever one quits the possession, the seisin of the true owner is restored, and an entry afterwards by another wrongfully constitutes a new disseisin. The continuity of possession having been broken before the expiration of the period of time limited by the statute of limitations, an entry within the time destroys the efficacy of all prior possession, so that to gain a title under'the statute, a new adverse possession for the time limited is required. The tenant cannot sustain his defence of continued adversary possession if, within the period of limitation, the premises have been abandoned by him or those under whom he claims.” Citing Taylor’s Devisees v. Burnsides, 1 Gratt. 208-210; Overton’s Heirs v. Davisson, 1 Gratt. 223; Koiner v. Rankin’s Heirs, 11 Gratt. 427; Cline’s Heirs v. Catron, 22 Gratt. 378; Dawson v. Watkins, 2 Rob. 269,1 Lom. Dig. 797.
f. Must Be under Claim of Right. — A mere naked possession, without a claim of right, no matter how long, never ripens into a good title, but is regarded as being held for the benefit of the true owners. Creekmur v. Creekmur, 75 Va. 431.
Mere Holding Over. — “Adverse possession is not the mere holding over against the will of the party from whom you obtain possession. It is the holding by claim of title adverse to another’s title, that constitutes adverse possession.” The court, by Tucker, P., in Williams v. Snidow, 4 Leigh 20, cited in Chapman v. Chapman, 91 Va. 400, 21 S. E. Rep. 813.
It is clear that the possession of a mere intruder on the land of another, without pretence or color of title, no matter how long such possession may continue, will not°be deemed in law adverse to the title of the true owner, and can never ripen ihto a good title. Nowlin v. Reynolds, 25 Gratt. 137.
“Such is the possession necessary to avail against the constructive seisin of the prior patentee. The mere entry by him or his agent is not enough. It is not necessary that the land should be enclosed or built upon, but the entry must be made under a claim of title, with the intention of taking possession, and being accompanied with such visible acts of ownership as from their nature indicate a notorious claim of property in the land. The character of the acts necessary to give to the party the seisin required, varies with the situation of the land and the condition of the country.” Hollingsworth v. Sherman, 81 Va. 671.
"The question in cases of adverse possession is not whether the claim asserted is good or bad, but whether there has been a hostile claim of title and continuous possession under it for the statutory period. Neither is it necessary that such hostile claim should be under color of title, that is under a deed or other writing.” The court, in Va., etc., R. Co. v. Barbour, 97 Va. 118, 320, 33 S. E. Rep. 554. In this case the disseisor did not have a scintilla of title, when he ousted the plaintiffs.
i. Extent of Possession under Claim of Right. — if a party enter, not under any deed or written title, but merely assumes possession with a claim of right, his ouster of his predecessor, and his own subsequent possession extends no farther than what he occupies, cultivates, encloses, or otherwise excludes the owner from. Hollingsworth v. Sherman, 81 Va. 673.
’ Where the adverse possession is not under* color of title, but under a mere claim of right, the possession of the claimant is confined to his actual inclosure. Va., etc., R. Co. v. Barbour, 97 Va. 118, 33 S. E. Rep. 554; Sulphur Mines Co. v. Thompson’s Heirs, 93 Va. 293, 25 S. E. Rep. 232.
III. COLOR OF TITLE.
a. Defined — Color of title, for the purpose of adverse possession under the statute of limitations as to land, is that which has the semblance or appearance of title, legal or equitable, but which is in fact no -title. Any written instrument, however defective or imperfect, no matter from what cause invalid, purporting to pass or convey title to land, which defines the extent of the claim under it, is color of title. Swann v. Thayer, 36 W. Va. 46, 14 S. E. Rep. 423.
b. Title Need Not Be Good. — A deed purporting to convey land in fee under a void sale, made under a deed of trust, by a trustee having no legal authority, gives color of title. Swann v. Thayer, 36 W. Va. 46, 14 S. E. Rep. 423.
A court of equity without jurisdiction pronounces a decree for the sale of a certain parcel of land, and appoints commissioners, with directions to make the sale. They sell the land; the court confirms the sale, and appoints the commissioners to convey the land to the purchaser on payment of the purchase money. The purchase money is paid, and the commissioners make to the purchaser a deed purporting to convey the land in fee. Such deed being proved constitutes color of title. Mullan’s Adm’r v. Carper, 37 W. Va. 215, 16 S. E. Rep. 527.
It is immaterial whether an adversary possession under a claim of title be under a good or a bad, a legal or an equitable, title. Shanks v. Lancaster, 5 Gratt. 110.
Any written instrument, however defective or imperfect, and no matter from what cause invalid, purporting to sell, transfer, or convey title to land, which shows the nature and extent of the party’s claim, constitutes “color of title,” within the meaning of the law of adverse possession. Mullan’s Adm’r v. Carper, 37 W. Va. 215, 16 S. E. Rep. 527.
A creditor secured by a deed of trust purchases the land at a void sale under such deed, and the trustee makes him a deed purporting to convey it in fee, and such purchaser afterwards by deed conveys the land in fee to another, and such purchaser and his alienee hold actual possession, claiming the land in their own right, for the period of the statute of limitations. Such possession gives title, and bars the right of the grantor in such deed of trust, and ' he cannot maintain a bill to redeem and recover the land. Swann v. Thayer, 36 W. Va. 46, 14 S. E. Rep. 423.
c. Office of Color of Title. — The principal office of a claim or color of title is to define the boundaries and fix the extent of the adverse holding. If it is a mere claim of title, the adverse holding will be limited to the actual enclosure of the claimant. But if it is a deed or other paper-title, and the possession is exclusive, it will be regarded as co-extensive with the boundaries contained in such deed or paper. The color of title, however, may be good or bad, legal or equitable. Core v. Faupel, 24 W. Va. 239.
d. Value of Color of Title. — The deed or instrument which is relied on to give color of title must seem to *337 define specifically the boundaries of his claim. Where a disseisor enters upon and cultivates part of a tract, he does not thereby hold possession of the whole tract constructively, unless this entry was by color of title by specific boundaries to the whole tract. Color of title is valuable only so far as it indicates the extent of the disseisor’s claim. Blakey v. Morris, 89 Va. 720, 17 S. E. Rep. 126.
e. Effect of Color of Title. — The effect of color of title is to fix the character of the occupant’s possession, and define its extent and limits. As a general rule, the possession of one who has a colorable title, is co-extensive with the boundaries of the instrument under which he claims, in the absence of any actual possession by the true owner; whereas the possession of one entering and holding under a mere claim of title is confined to the land in his actual occupation. Creekmur v. Creekmur, 75 Va. 431.
f. Extent of Possession under Color of Title. — If he enter under the color of title by deed or other writing, the law holds that he acquires possession, to the extent of the boundaries contained in the writing. Hollingsworth v. Sherman, 81 Va. 673.
IV. CONFLICTING GRANTS — INTERLOCKS.
If neither party have actual possession of any part of his grant, the elder seisin in law will prevail. See Koiner v. Rankin's Heirs, 11 Gratt. 427; Cline’s Heirs v. Catron, 22 Gratt. 392.
If senior patentee is not in actual possession of any part of his grant, and junior patentee is in possession of part of his, but outside of the interlock, there is no constructive possession of the interlock on the part of either, since there is no actual possession thereof, and hence the elder seisin in law of the senior patentee again prevails. See Koiner v. Rankin’s Heirs, 11 Gratt. 427; Cline’s Heirs v. Catron, 22 Gratt. 392; Turpin v. Saunders, 32 Gratt. 37-39.
If senior patentee has actual possession of any part of the interlock, he will then have constructive possession of all not in actual adverse possession of j unior patentee. As to so much of the interlock as is in the actual possession of neither, the superior constructive possession of the senior will prevail over the mere seisin in law, or the inferior constructive possession, of the junior. See Overton’s Heirs v. Davisson, 1 Gratt. 224; Koiner v. Rankin’s Heirs, 11 Gratt. 427; Cline’s Heirs v. Catron, 22 Gratt. 392; Turpin v. Saunders, 32 Gratt. 37-39; Sulphur Mines Co. v. Thompson’s Heirs, 93 Va. 293, 25 S. E. Rep. 232.
If the junior patentee has actual possession of part of the interlock, and senior patentee has possession of no part of his grant, the junior has a constructive possession of the interlock, while the senior has a mere seisin in law. The constructive possession of the junior will prevail as to the whole interlock. See Taylor v. Burnsides, 1 Gratt. 196; Overton’s Heirs v. Davisson, 1 Gratt. 224; Turpin v. Saunders, 32 Gratt. 37-39; Andrews v. Roseland, etc., Co., 89 Va. 393, 16 S. E. Rep. 252.
“If senior patentee should enter upon his grant, outside of the interlock, after entry thereon by junior patentee, but before the statute of limitations has barred his claim to any part of the grant, the senior’s seisin in law of the interlock is not thereby turned into a constructive possession, for he has no actual possession of the land in dispute. Hence the constructive possession of the junior grantee will prevail over the mere seisin in law of the senior, and this constructive possession will extend to the whole interlock. See Stull v. Rich Patch Iron Co., 92 Va. 253, 23 S. E. Rep. 293.” Extract from article on “Adversary Possession,” by Mr. Raleigh C. Minor, 3 Va. Law Reg. 845.
Quaere: — “When the true title holder is in actual possession of a part of his grant, but outside of the interlock, at the time of the entry of the colorable title holder, does the latter, by an actual possession of a small part of the interlock, gain a prescriptive title to his pedis positio only, or to all of the land within the interlock?” This is what is known as the “Open Question.” in Virginia. Several very interesting articles on this question have appeared in the Virginia Law Register. 3 Va. Law Reg. 763; 3 Va. Law Reg. 843; 4 Va. Law Reg. 1; 4 Va. Law Reg. 8; 4 Va. Law Reg. 138; 5 Va. Law Reg. 810.
Claimant Must Have Actual Possession of Some Part of Land in Controversy. — To protect himself under the statute of limitations, the claim must show continued adversary possession for the time of limitation of some part of the land in controversy. Actual possession of a part of his land outside of the boundaries of the demandant’s elder patent, is not sufficient. Koiner v. Rankin’s Heirs, 11 Gratt. 420.
C is in possession of a tract of land under a settlement in 1771, the settlement right confirmed to him by the commissioners of the district in September 1782, and which was surveyed in April 1783, and he lives upon and cultivated a part of the land, and obtains a patent for it in March 1799. In July 1796, W obtains a patent for a tract of land, which covers a part of the tract held by C; but O’s cleared land is outside of the interlock, which is in forest; Wnot knowing that his patent covers any part of the land held by C under his settlement right. Held, the actual possession by C outside of the interlock, does not constitute an adversary possession by C, of the land within the interlock, so as to require w to enter upon apd take actual possession of it, in order to give him possession under his patent. Cline’s Heirs v. Catron, 22 Gratt. 378.
Actual Possession of Junior Patentee Will Prevail over the Elder’s Constructive Possession. — The boundaries of two coterminous owners of land interlock: and the party claiming under the elder patent, enters upon his land outside the interlock, and cultivates and improves it, holding continued possession thereof. The party claiming under the junior patent, enters on his land outside the interlock, and clears and improves it and lives upon it, the land in the interlock being uncleared; and he exercises such continued acts of ownership over the whole land lying within the interlock as constitutes an adversary possession thereof, though but a part of it is cleared and enclosed; and after thus living on his land and acting for upwards of five years, he dies in possession, and his heirs continue to hold possession, and claim and exercise like acts of ownership over the land within the interlock. Held, the possession of the heirs is not limited to their inclosure. Kincheloe v. Tracewells, 11 Gratt. 587.
Constructive Possession of Elder Patentee Cannot Prevail over Actual Possession of the Junior. — The entry of the demandant, or those under whom he claims upon and possession of the land within his elder grant, not embraced by the junior grant of the claimant, cannot oust the claimant, if at the time of the entry of the demandant, the claimant had actual possession of the land embraced by his grant. Taylor v. Burnsides, 1 Gratt. 166.
Actual Possession by Claimant Necessary — Generally —If the tenant in a writ of right, would protect him - self by the plea of the statute of limitations, he must *338 show that he entered on the land in controversy, claiming1 the same under his junior grant, when the demandants had not actual possession thereof, under their elder patent; and took, and held actual possession thereof loy residence, improvement, cul. tivation, or other open, notorious and habitual acts of ownership; and so continued the same, under his said claim, for. more than twenty-five years before the commencement of the demandants’ suit. Taylor v. Burnsides, 1 Gratt. 166.
Actual Possession of Part Only by Junior Patentee, Can Not Prevail over Elder’s Constructive Possession.— If the older patentee, at the time of such entry of the younger patentee, is in the actual possession of any part of the land in controversy, then that the junior patentee can gain no adversary possession, beyond the limits of his mere enclosure, without an actual ouster of the older patentee, from the whole of the land in controversy. Overton’s Heirs v. Davisson, 1 Gratt. 224.
Constructive Possession of Junior Patentee Prevails over Elder’s Seisin in Law. — “Where the land in controversy is embraced by conflicting grants from the commonwealth, to differentpersons, and the junior patentee enters thereupon, and takes and holds actual possession of any part thereof, claiming title to the whole under his grant, that such adversary possession of part of the land in controversy is an adversary possession of the whole, to the extent of the limits of the younger patent; and to that extent is an ouster of the seisin or possession of the older patentee, if the latter has had no actual possession of any part of the land within the limits of his grant.” Overton’s Heirs v. Davisson, 1 Gratt. 224.
V. CLAIMANT’S POSSESSION ORIGINALLY CONSISTENT WITH TRUE OWNER’S TITLE.
a. Generally. — No length of possession will warrant a presumption of title, when the origin of the possession is shown to be consistent with the title of the original owner. 2 Min. Inst. (4th Ed.) 579.
A person living with tenant and helping to pay the rent, admits the title of the landlord, and can acquire no title by adverse possession, against the landlord. Hodgkin v. McVeigh, 86 Va. 751, 10 S. E. Rep. 1065.
In May 1816 A conveys to S a tráct of land in trust to secure a debt to 0, which is duly recorded on the same day; and in October of the same year he executes to H a title bond for a part of the land; and H immediately enters into possession cultivating and farming, and claiming it under said bond, and con. tinues thus to hold possession. A-during his lifetime and his family since having resided on the residue of the tract. In 1827 the trustee S sells under the trust and conveys the land to 0 the purchaser. In 1848 the heirs of C bring1 ejectment against H for the land in his possession, and there is a special verdict which does not find an ouster or disclaimer by H. Held, that the possession of A after the deed, was as tenant by sufferance, and that the possession by H after his entry, was of the same character; and therefore the statute of limitations is no bar to the action. Creigh’s Heirs v. Henson, 10 Gratt. 231.
b. What Is Necessary on Part of Claimant. — Says the court, in Hulvey v. Hulvey, 92 Va. 186, 23 S. E. Rep. 233: “In questions of adverse possession a higher degree of proof is required in those cases in which the possession was begun in privity wi^h the opposing claimant than in cases where no such relation existed. Where possession is originally taken and held in subserviency to, or in privity with, the title of the adverse claimant, a clear, positive, and continued disclaimer and disavowal of the title, and an assertion of an adverse right brought home to the adverse claimant, are indispensable before any foundation can be laid for the operation of the statute of limitations. If this were not so, the greatest injustice might be done. Without such knowledge, the adverse claimant has the right to rely upon the fiduciary relations under which the possession was originally taken and held.
“In such cases the statute of limitations does not begin to run until the possession, before consistent with the title of the adverse claimant, becomes tortious and wrongful by the disloyal acts of the party in possession, which must be so open, notorious, and continued as will fully and clearly show the changed character of his possession, and knowledge of such change on the part of the adverse claimant.” Citing Stonestreet v. Doyle, 75 Va. 356; Pillow v. Southwest Virginia Imp. Co., 92 Va. 144, 23 S. E. Rep. 32.
A deed of trust, which is duly recorded, provides for the continued possession of the grantor, and for his taking the rents and profits of the property until the creditor should direct a sale after demand of payment. The possession of the grantor and purchasers from and’under him cannot be adversary to the title of the trustee or prejudicial to the rights of the trust creditor unless it becomes actually adverse and hostile by acts of disclaimer open and notorious brought to the knowledge of such creditor or his trustee. Bowie v. Poor School Society of Westmoreland, 75 Va. 300.
c.Adverse Possession by Co»Parcener — What Is Necessary. — An actual ouster of one tenant in common cannot be presumed, except where the possession has become tortious and wrongful by the disloyal acts of the co-tenant, which must be open, continued and notorious, so as to preclude all doubt of the character of his holding or the want of knowledge thereof by his co-tenant. This conduct must amount to a clear, positive and continued disclaimer and disavowal of his co-tenant’s title, and an assertion of an adverse right; and a knowledge of this must be brought home to his co-tenant. Boggess v. Meredith, 16 W. Va. 1, cited and followed in Rust v. Rust, 17 W. Va. 901. To the same effect, Cooey v. Porter, 22 W. Va. 120.
The statute does not begin to run in favor of one joint tenant against his co-tenant, until actual ouster or disseisin, or some act equivalent to denial of their rights in the premises. Fry v. Payne, 82 Va. 759, 1 S. E. Rep. 197.
“Conceding that the entry and possession by one co-parcener enures to the benefit of all in the absence of proof to the contrary, yet when it appears that the co-parcener entering and taking possession, claimed the property as his own under color of title; that he took the profits to his own exclusive use, and denied the title of the other co-parceners, of all which they had notice; the party so taking and holding is regarded as having disseised his co-parceners.” The court, in Caperton v. Gregory, 11 Gratt. 508, citing and following Purcell v. Wilson, 4 Gratt. 16.
. The possession of one joint tenant, tenant in common, or co-parcenér, is prima facie the possession of all the other co-tenants; and the mere possession of the one will not be taken to be adverse to the title and possession of the other. Yet if the defendants prove actual ouster or other notorious act or acts, *339 amounting- to a total denial of the plaintiffs' rights as co-tenants, and of such a character as to afford direct or presumptive proof that the other co-tenants or plaintiffs had had knowledge of the claim of exclusive ownership thus set up and held hy the defendants, or those under whom they claim, such possession of the land in suit held continuously and uninterruptedly under such circumstances under color of title for the length of time prescribed by law, constitutes adverse possession, and will ripen into a good and sufficient title in the defendants. Stonestreet v. Doyle, 75 Va. 356.
A silent possession, unaccompanied by any acts which amount to an ouster, or giving notice to the co-tenant that his possession is adverse, cannot be construed into an adverse possession. The mere receipt of proñts and rents, and the payment of taxes is not such an ouster. Lagorio v. Dozier, 91 Va. 502, 508, 22 S. E. Rep. 239, citing and following Rowe v. Bentley, 29 Gratt. 760; Purcell v. Wilson, 4 Gratt. 16; Hannon v. Hounihan, 85 Va. 429, 12 S. E. Rep. 157; Creekmur v. Creekmur, 75 Va. 436.
i. Presumption of Disseisin — For the Jury — Though a great lapse of time, with other circumstances, may warrant the presumption of a disseisin or ouster by one co-parcener or tenant in common, of another not labouring under disabilities, this presumption is a matter of evidence for the consideration of the jury, and not a question of law for the decision of the court upon a special verdict. Purcell v. Wilson, 4 Gratt. 16.
d. Between flortgagor and Hortgagee. — Neither a mortgagor nor his assignee can hold adverse possession to the mortgagee, unless the assignee has taken a conveyance without notice. Otherwise they are mere tenants at will. Newman v. Chapman, 2 Rand. 93; Chapman v. Armistead, 4 Munf. 382.
e. Possession under Executory Contract of Sale. — A vendee who enters under an executory contract which leaves the legal title where it was, and contemplates a future conveyance, enters in subordination to it, holds under and relies upon it to protect his possession in the meantime. And in such case, as also in the case of lessee, mortgagor, cestui que trust and the like, where one is in under the owner of the legal title, a privity exists which precludes the idea of a hostile, tortious possession under the statute of limitations. Nowlin v. Reynolds, 25 Gratt. 137.
1. Purchase Honey Paid. — The possession of a purchaser under an executory contract is not adverse to his vendor, although he has paid all the purchase money and used and occupied the land for his ex. elusive benefit. His contract being executory and made in contemplation of a further conveyance of the legal title, recognizes the title in his vendor, and his holding will be regarded as in subordination thereto and not adverse. But where the purchaser is in possession under a complete legal title, such as a deed purporting to convey the land, he will be considered as holding adversely to all the world including his vendor from whom his title and possession are derived. Core v. Faupel, 24 W. Va. 239.
2, What Is Necessary on Part of Vendee. — “Before adverse possession can arise between a vendor and his vendee, or between the grantee of the vendor and such vendee, where the vendor has retained the title, and the statute of limitations commences to run the vendee must have dissevered the privity of title between them by the assertion of an* adverse right, and openly and continuously disclaimed the title of his vendor, and such disclaimer be clearly brought home to the knowledge of the vendor or his grantee.” Chapman v. Chapman, 91 Va. 400, 21 S. E. Rep. 813; Creekmur v. Creekmur, 75 Va. 430; Whitlock v. Johnson, 87 Va. 323, 12 S. E. Rep. 614; County of Alleghany v. Parrish, 93 Va. 615, 25 S. E. Rep. 882.
Where a person is in possession of land, claiming it under a writing conferred upon him a right to the land, such possession is regarded as adverse prima facie against all persons except his vendor, where such writing is an executory agreement, contemplating a future conveyance; and, if such writing is a deed conveying the legal estate, it is adverse also to the vendor. Where such person is in possession claiming under such deed by occupation, cultivation, and inclosnre. his possession has prima facie the quality or character o f exclusiveness requisite as one of the elements constituting adversary possession. Ketchum v. Spurlock, 34 W. Va. 597, 12 S. E. Rep. 832,
f. Between Trustee and Cestui Que Trust. — No lapse of time, however long will give a trustee a right to the property by adverse possession, as against the cestui qtoe trust. Heiskell v. Trout, 31 W. Va. 810, 8 S. E. Rep. 557.
i. What Necessary on Part of Trustee. — Land is sold under an order of court and such sale confirmed, the purchase money paid, but no deed is given, and the former owner’s heirs remain in possession. Held, equity looks upon the heirs as trustees, and in such a case before the statute begins to run in their favor, they must make a clear, positive, and continued disclaimer and disavowal of title in the purchaser and his heirs, and the assertion of an adverse right, brought home to the knowledge of the purchaser or his heirs. Whitlock v. Johnson, 87 Va. 323, 12 S. E. Rep. 614. Citing and following Creekmur v. Creekmur, 75 Va. 436.
g. Between Life Tenant and Remainderman--The possession of the life tenant, and those claiming under him or subject to his control, is not adverse to those entitled in remainder. Austin v. Brown, 37 W. Va. 634, 17 S. E. Rep. 207.
In 1833 W made his will and died. By a clause he gives to his daughter, D, a designated tract of land, to her and the heirs of her body; but should D “die without heir, as above mentioned, my wish is that said land shall return to my other heirs, and be sold, and the money arising from the sale to be equally divided among all my heirs.” D sells the land, and conveys it with general warranty; and then dies, -without ever having had a child. Held, though the deed of D purported to convey the fee, it only conveyed, and did convey, her interest in the land, and the purchaser could not hold an adversary possession thereof before the death of D without leaving a child. Elys v. Wynne, 22 Gratt. 224, citing and following Clarkson v. Booth, 17 Gratt. 490.
h. Between Tenant ami Landlord — What Necessary on Part of Tenant. — A person who, while in the possession of land, accepted a lease therefor from one claiming to be the owner, may, after his term expires. by disclaimer and notice to such person, terminate his tenancy: and he will not, in such case, be required to surrender the possession before he will be allowed to set up an adyerse title in himself, or a third person. Voss v. King, 33 W. Va. 236, 10 S. E. Rep. 402.
Though a tenant cannot deny his landlord’s title while the relation of landlord and tenant exists, yet if the tenant accept a deed from another, purporting to convey the land to him in fee, and later conveys it in fee to another, and both he and his alienee claim the land in their own right under such con *340 veyances, and the landlord has knowledge of such conveyances and claim, possession by sucb tenant and bis alienee after sucb knowledge on tbe part of the landlord for tbe period fixed by tbe statute of limitations will be adversary, and will bar tbe landlord’s right. Swann v. Thayer, 36 W. Va. 46, 14 S. E. Rep. 423.
Although a party may enter into possession in privity .with tbe true owner, he may, without first surrendering the premises, dissever sucb relation, and claim by adverse title, where possession is originally taken and held under the true owner, a clear, positive and continued disclaimer and disavowal of that title, and tbe assertion of an adverse one, must be brought home to the true, owner before any foundation can be laid for tbe operation of the1 statute of limitations; and this was done in this case. Creekmur v. Creekmur, 75 Va. 431, cited and followed in Va. Midland R. Co. v. Barbour, 97 Va. 118, 33 S. E. Rep. 554; whitlock v. Johnson, 87 Va. 323, 12 S. E. Rep. 614; Reusens v. Lawson, 91 Va. 226, 21 S. B. Rep. 347; Chapman v. Chapman, 91 Va. 397, 21 S. E. Rep. 813; Hulvey v. Hulvey, 92 Va. 182, 23 S. E. Rep. 233;
i. Where Claimant Has Acknowledged Title of Owner —What Necessary. — when the possessor of land has acknowledged a title 'in the claimant, then the possession will not be deemed adverse; and whenever the act of the possessor acknowledges a right in the claimant, the statute of limitations will not operate, because such acknowledgment deduced from circumstances. negatives the idea of adverse possession. Erskine’s Ex’ors v. North, 14 Gratt. 60.
VI. OTHER MATTERS.
a. The Law Looks at the Intention, with Which Possession Was Taken. — An adverse possession depends upon Bhe intention with which the possession was taken and held, whenever the act itself imports that there is a superior title in another, by whose permission and in subordination to whose still continuing and subsisting title, the possession is held, such possession cannot be adverse to the owner of the legal title. Clarke v. McClure, 10 Gratt. 305, cited and followed in Flynn v. Lee, 31 W. Va. 487, 7 S. E. Rep. 430; Hudson v. Putney, 14 W. Va. 561.
b. Tempus Regi Non Occurrit. — After the forfeiture of the land to the commonwealth no possession thereof adverse to the proprietor in whose name it was forfeited, can run against the commonwealth. Staats v. Board, 10 Gratt. 400.
Time does not run against the commonwealth. Though an adversary possession of land had commenced to. run against the true owner, yet upon the forfeiture of the land to the commonwealth, under the delinquent land laws, the possession, until the land is sold by the commonwealth, is no longer adversary against her, or her grantee claiming under a conveyance from a commissioner of delinquent lands. Levasser v. Washburn, 11 Gratt. 572.
The statute of limitations does not apply to the commonwealth. Hurst v. Dulany, 84 Va. 701, 5 S. E. Rep. 802.
c. The Statute as against Municipal Corporations.— In the case of Taylor v. Com., 29 Gratt. 780, this court held that a “valid dedication of a street to the public use, perfected by acceptance, makes it a highway— and unlawful obstruction of which is not legalized by lapse of time. Nullum, tempus occurHtreoi applies in this state to the commonwealth, as it does in England to the King,” and again, “Nor can there be any doubt or difficulty in the case, as to the question of law, in regard to the effect of the lapse of time and adverse possession upon the public right.” The court, in Yates v. Warrenton, 84 Va. 337, 339, 4 S. E. Rep. 818. See also, Manchester Cotton Mills v. Manchester, 25 Gratt. 825; Norfolk v. Chamberlaine, 29 Gratt. 534.
It must be observed that a municipal corporation bears a double character. One public and the other in a certain sense private. In its private capacity the statute runs against the city as in the case of private individuals. But when the property is held for the benefit, or on inalienable public trusts, such as streets, parks and other public places, no laches on the part of the municipality can defeat the right of the public thereto. Lile’s Notes on Mun. Corp. 256, and cases cited. Mr. Dillon recognizes this distinction. 2 Dillon Mun. Corp. (4th Ed.) 667.
i. West Virginia Cases Contra. — The statute of limitations, in the absence of an express provision to the contrary runs against a municipal corporation, the same as against a natural person. City of Wheeling v. Campbell, 12 W. Va. 36; Teass v. St. Albans, 38 W. Va. 1, 17 S. E. Rep. 400; Taylor v. Philippi, 35 W. Va. 554, 14 S. E. Rep. 130.
d. What Title True Owner Possesses after Adverse Claimant’s Title Ripens into a Good Title. — If a party has been in adverse possession of lafid for the statutory period, and the land is sold for delinquent taxes the purchaser from the commonwealth acquires no better right or title to the land than the original owner. Smith v. Chapman, 10 Gratt. 445.
Original Owner’s .Possession from Judicial Sale Until Final Decree Not Adverse to Purchaser. — The possession of the original owner, or those claiming under him, from the time of the sale by the commissioners until the final decree, is not adverse to the purchaser or those claiming under him. Evans v. Spurgin, 6 Gratt. 107.