# Staunton.

## GREEN AND OTHERS v. PENNINGTON.

September 13, 1906.

Absent, Keith, P.

1. ADVERSE POSSESSION—*Possession of Part—Land of Commonwealth.*— Actual possession of a part of a tract of land, under color and claim of title to the whole, is possession of the whole, and this principle applies to the lands of the Commonwealth, as against persons not lawfully claiming under her.

2. CONFLICTING GRANTS—*Interlock—Seisin.*—Where one grant conflicts in part with another, occasioning an interlock, the elder patentee under his grant acquires at once constructive seisin in deed of all the land embraced within its boundaries, although he has taken no actual possession of any part thereof. The junior grantee under his grant acquires similar constructive seisin in deed of all the land embraced by his boundaries, except that portion within the interlock, the seisin of which had already vested in the senior grantee.

3. CONFLICTING GRANTS—*Interlock—Possession—Ouster.*—Where, in the case of conflicting grants, the junior patentee settles upon that portion of the land within the interlock, claiming the whole within his boundary, he thereby ousts the senior patentee of his constructive seisin and becomes actually possessed to the extent of his grant. Here possession of part is possession of the whole. But if his settlement is outside of the interlock, the possession of part is to be construed in reference to the conflict of boundaries, and, with whatever claim it be taken, it gives him possession of that part of the land only lying without the interlock. To overcome the constructive seisin in deed of the senior patentee and work an ouster, there must be an actual invasion of his boundary by some act or acts palpable to the senses and which would serve to admonish him that his seisin was molested.

---

Statement.

---

4. ADVERSE POSSESSION—*Land of Commonwealth—Grant of Land Already Occupied—Ouster.*—Neither actual nor constructive possession of her land can affect the rights of the Commonwealth, and hence such possession cannot affect the rights of her grantee. The estate of the Commonwealth is divested by her grant and vested in the patentee. Such grant confers title and seisin upon the grantee and puts him constructively in possession, notwithstanding at the time of the grant there may have been actual possession of the premises by another person, for, since the Commonwealth cannot be disseised, such person's possession cannot be adversary, and the grantee, being by the grant placed in constructive possession, cannot be disseised or ousted except by an actual and palpable invasion of his boundary, and adverse possession continued for the period of limitation after the date of his grant.

5. BOUNDARIES.—*Conflict Between Distance and Course—Rule to Be Applied.*—Where, in the determination of a disputed boundary, there is a conflict between the distance of one line and the true course of another, there is no arbitrary rule that distance shall yield to course, or *vice versa*, but one or the other should be preferred according to the manifest intent of the parties and the circumstances of the case.

6. BOUNDARIES—*Location—Instructions.*—On the question of determining a boundary an instruction requiring the jury, in locating the last line and the last corner, to adhere to the course and fix the corner, without regard to the topography of the ground at the corner as described in the title papers, is erroneous.

Error to a judgment of the Circuit Court of Lee county, in an action of ejectment. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

*Pennington Bros., C. T. Duncan* and *Bullitt & Kelly,* for plaintiffs in error.

*R. T. Irvine,* for defendant in error.

·BUCHANAN, J., delivered the opinion of the court.

The action of the court in refusing to give instruction "D" offered by the plaintiffs in error, defendants in the trial court, is assigned as error.

By that instruction the court was asked in substance to tell the jury that where a deed includes in part vacant land which has never been granted by the Commonwealth and the grantee in the deed takes actual possession of a part of the tract but outside of the land of the Commonwealth, claiming title to the whole tract, his possession extends to the boundaries of his deed, and that if he continues such possession and adverse claim for the statutory period after the emanation of a grant by the Commonwealth of her land covered by his deed, his claim will have ripened into a good title and the right of her grantee to recover the same will be barred.

As a general proposition it is no doubt true that actual possession of a part of a tract of land, under color and claim of title to the whole is possession of the whole, and that this principle applies to the lands of the Commonwealth as against persons not lawfully claiming under her. This proposition of law was recognized and in part made the basis of the right of the plaintiff, in *Olinger* v. *Shepherd,* 12 Gratt. 462 (an action of unlawful entry and detainer), to recover the possession of lands belonging to the Commonwealth against the defendant, who was held to be a mere trespasser. That case does not, however, as the plaintiffs in error insist, sustain their contention in this case; but, on the contrary, Judge Moncure, who delivered the opinion of the court, said it was unnecessary to inquire what would have been the relative rights of the parties if the defendant had obtained a patent for the land in controversy before the institution of that action (p. 474).

Where one grant conflicts in part with another, occasioning what is called a "lap" or "interlock," the elder patentee under

his grant acquires at once constructive seisin in deed of all the land embraced within its boundaries, although he has taken no actual possession of any part thereof. The junior grantee under his grant acquires simliar constructive seisin in deed of all the land embraced by his boundaries, except that portion within the interlock, the seisin of which had already vested in the senior grantee. *Koiner* v. *Rankin*, 11 Gratt., p. 427, and cases cited.

In this state of the case, as was said by Judge Lee, speaking for the court, in the case of *Koiner* v. *Rankin, supra,* if the junior patentee settle upon that portion of the land within the interlock, claiming the whole within his boundary, he thereby ousts the senior patentee of his constructive seisin and becomes actually possessed to the extent of his grant. Here possession of part is possession of the whole. But if his settlement be outside of the interlock there possession of part is to be construed in reference to the conflict of boundaries, and with whatever claim it be taken, it gives him possession of that part of the land only lying without the interlock. Of that within he does not thereby acquire possession. The constructive possession which he would have gained if there had been no conflict does not take effect, and there is nothing which can serve to overcome the constructive seisin in deed of the elder patentee and work an ouster. To effect this there must be an actual invasion of the boundary of the senior patentee by some act or acts palpable to the senses and which would serve to admonish him that his seisin was molested. He is, of course, presumed to know his own boundary, and if that be invaded by plain, open, visible acts of possession on the part of the other, and he submits or fails to assert his right, an ouster will be accomplished and he shall be said to be disseised. But if the acts be not of the character above indicated, if they amount to a mere

adverse claim, however connected with possession of another part of the land, they will not have that effect. The consequence of a different rule, as justly remarked by Judge Baldwin, in *Taylor* v. *Burnsides,* 1 Gratt. 165, 196, would be that a man might be disseised of his freehold, not only without his knowledge, but even without the possibility of knowing it (pp. 427-8).

The reasoning of Judge Lee applies with equal, if not more, force to a case where one of the conflicting claimants to the interlock or lap does not claim under color of title from the Commonwealth. The fact that such a claimant was in the unlawful occupancy of the interlock or lap at the date the Commonwealth's grant emanated cannot affect the question. It is conceded, and if it were not it is well settled that the rights of the Commonwealth cannot be affected by any kind of possession of her land. *Gore* v. *Lawson,* 8 Leigh 458; *Overton* v. *Davisson,* 1 Gratt. 210, 42 Am. Dec. 544; *Shanks* v. *Lancaster,* 5 Gratt. 110, 50 Am. Dec. 108; *Koiner* v. *Rankin, supra; Olinger* v. *Shepherd, supra.*

If neither actual nor constructive possession of her land can affect the rights of the Commonwealth, it follows that such possession cannot affect the rights of her grantee. The estate of the Commonwealth is divested by her grant and vested in the patentee. Such grant confers title on her grantee and necessarily seisin, one of the essential requisites of complete title. *Dawson* v. *Watkins,* 2 Rob. 268; *Overton* v. *Davisson, supra; Koiner* v. *Rankin, supra.*

The grant, therefore, put the first patentee of the land constructively into possession, notwithstanding at the time of its emanation there may have been actual occupation of the premises by another person, for such person's possession (since the Commonwealth is incapable of being disseised) cannot be ad-

versary (2 Minor's Inst., 1st ed., 565-6, and cases cited), and being in the constructive possession of the premises he cannot be disseised or ousted except by an actual invasion of his boundary by some act or acts palpable to the senses, and which will serve to admonish him that his seisin is molested; otherwise, as was said by Judge Baldwin, he might be disseised of his freehold not only without his knowledge, but without the possibility of his knowing it.

Although the question was not discussed by the court in *Overton* v. *Davisson, supra,* an instruction was approved which told the jury that in a controversy between parties claiming land under the elder and junior patentees, respectively, the party claiming under the latter, to protect his possession by the defense of the statute of limitations, must show *an actual possession of the lands in controversy, or some part thereof, since the* emanation of the elder patent for the time of limitation fixed by the statute.

The action of the trial court in refusing to give instruction "D" was, therefore, right, as it seems to us, both upon principle and authority.

The next and remaining assignment of error is to the action of the court in refusing to give instructions "A" and "B" offered by the plaintiffs in error, and which are in the following words:

"A." "The court further instructs the jury that if they believe from the evidence that the land in controversy is covered by the Fields patent of 19,390 acres, they will find for the defendants; and in determining this question they should be guided by what is, or what by the law is deemed to be, the most certain evidence—that is (a), when corner trees are called for and found, the lines of said patent must be run to and from such corners, regardless of course and distance; (b) where

corner trees are called for, but not found, nor the place at which they stood located, then the lines running to and from such corners should be determined by the courses and distances called for in the patent, provided such courses and distances will run to the next located corner; (c) but if such courses and distances will not run to the next located corner, then distance must give way to course and the lines between located corners must be established and located by lengthening or shortening the same, so as to run from one located corner to the next located corner without changing the course of any of the said lines."

"B." "The court further instructs the jury that if they are satisfied from the evidence as to the true location of the last corner of the Fields patent, then the last line of said patent should be located by running a straight line between such last corner and the first corner of said patent, regardless of course and distance; but if, on the other hand, they are, upon all the evidence in the case, in doubt as to the true location of said corner, that is if they are not satisfied by a preponderance of the evidence as to the true location thereof, they are entitled, and it is their duty, to locate said last line by reversing from said first corner on the degree called for in said patent, after allowing for the variation of the needle proper at this date."

It is conceded that instruction "A" is a correct statement of law, except in so far as it declares that where corners are neither found nor located, distance must give way to course and the lines between located corners must be established by lengthening or shortening the same, so as to run from one located corner to another without changing the course of any of the lines.

While it may be, as argued, that chain carriers are more likely to make mistakes in measuring the distance than the surveyor is in ascertaining the course in surveying land, there

is no arbitrary rule that distance must always yield to course where one or the other must be disregarded.

In *Smith* v. *Chapman,* 10 Gratt. 445, it was said by Judge Lee, in delivering the opinion of the court, that to say that distance shall yield to course, or *vice versa,* where there is a conflict between the distance of one line and the true course of another, would be entirely arbitrary; and the true rule seems to be that the one or the other shall be preferred according to the manifest intent of the parties and the circumstances of the case." Citing *Preston* v. *Bowman,* 2 Bibb (Ky.) 493; *Loving* v. *Norton,* 8 Greenl. (Me.) 61; *Scammon* v. *Sawyer,* 4 Greenl. (Me.) 429, which sustain the statement of the rule laid down by him, as do the later cases of *Clements* v. *Kyle,* 13 Gratt. 468, and *Ruffner* v. *Hill,* 31 W. Va. 434, 7 S. E. 13.

The instruction was properly refused.

Neither did the court err in refusing to give instruction "B." It required the jury in locating the last line and the last corner to adhere to the course and to fix the corner without regard to the topography of the ground at the corner as described in the title papers, which was manifestly erroneous.

We are of opinion that there is no error in the judgment complained of to the prejudice of the plaintiffs in error, and that it must be affirmed.

*Affirmed.*