The president pronounced the court’s opinion.
This case, though very elaborately argued by counsel, on both sides, lies within a narrow compass. The two important questions to be decided are, first, what is the nature of the possession of the mortgagor, in relation to the mortgagee 5 and, secondly, what will be the effect of a judgment *396 for the plaintiff upon the rights of the defendants George and Lucy Armistead. ?
Upon the first point, it was contended by the counsel for the appellant, that the case is essentially analogous to the case of Duval v. Bibb, (3 Call 362,) in which it was decided that the possession of the bargainor was the possession of the bargainee; and, of consequence, no obstacle to the full operation of a deed from the bargainee to a third person, under the act of assembly on that subject. The court, upon reason, can perceive no difference, and, upon authority, have no doubt. In the case of Keech v. Hall, (Douglas 21,) Lord Mansfield says, “ when the mortgagor is left in possession, the true inference to be drawn is, that he should possess the premises, at will, in the strictest sense;” — and the principle decided in that case is, that, if the mortgagor make a lease, though before forfeiture, it is void as to the mortgagee ; and he may consider the tenant claiming such interest as a trespasser, disseisor, and wrong doer. In the case of Moss v. Gallimore, (Douglas 266,) it is said, that the mortgagor is not, properly, even a tenant at will; for he pays no rent,- and is so only quodam modo, Applying these cases to the case in the special verdict, the court is of opinion, that the possession of William Armistead, the mortgagor, after the date of the mortgage, was the possession of the mortgagee Morehouse; and was well transferred, by the conveyance of Morehouse to Jesse Simms, and the decree of foreclosure obtained by the latter against William Armistead, confirming the sale of the premises to the said Jesse Simms, which, the court is of opinion, ought to have put to rest any controversy between the parties thereto, on the ground of qny supposed defect in the conveyance from Morehouse to Simms; — nor can the court perceive any defect in the conveyance, found by the jury, from Simms to the appellant.
Th ; oath of insolvency taken by the former, within the terr -ry of Columbia, if it could have any effect upon his title5 c v lands in Virginia, is found to have preceded the decree in question, and precludes William ArmisteaÉ, as to any matter within the scope thereof j — and, as to the creditors *397 of Simms, if any there be, leaves them to their remedy in a court of chancery, unaffected by the decree, or the judgment in this case ; if they have any claim; — as to which it is not now necessary to decide as to William Armistead Therefore, the court is of opinion, that the judgment of the superior court is erroneous.
On the second question, what will be the effect of a judgment, in favour of the lessor of the plaintiff, upon the rights of George and Lucy Armistead, to be collected from the special verdict, the court, not deciding whether, upon the case made out by them, upon their application to be made defendants, they were rightfully admitted by the superior court, or not, is of opinion, that their rights cannot be affected by any judgment in this case. An action of ejectment is a possessory remedy : — its whole object is to put the party entitled to the possession, into the enjoyment of it. In speaking of a judgment in ejectment, in the case of Taylor, lessee of Atkyns, v. Horde, in 1st Burrow, p. 113, 114, Lord Mansvielb says, “suppose the proceedings real, the termor, at the old law, might recover against a disseisor, but pot thereby become a disseisor himself; — he never could be any thing other than a termor : — if the proceedings (he says) be fictitious, then, in truth and substance, a judgment in ejectment is a recovery of the'possession, without prejudice to the right, however it may appear afterwards, even between the parties: he who enters under it, in truth and substance, can only be possessed according to his right, prout lex fiostulat: — if he has a freehold, he is in of a freehold ; — . if a chattel interest, he is in as a termor: — his possession enures according to his right; and, if he has no title, he is in as a trespasser.” According to the principles adopted by the King’s Bench, in the case referred to, the whole effect of a judgment in this case, in behalf of the appellant, will be to put him into the possession of the land in the de-"B claration mentioned; and the only point decided is, that he has. a better title to the possession than either, or all, of the defendants.
With respect to William, Armistead, enough has been said. *398 As to the defendant George Armistead, the decree in his be- . half, against William Armistead and others, is liable to several objections : — it does not appear to have been final at the lleriad of finding the special -verdict; but, certainly, (if admissible evidence, which it is not material to decide,) it does not comprehend the land conveyed to Morehouse. With respect to Simms, (under whom the appellant claims,) though made a party, process was never served on him, and the bill was finally dismissed as to him: — but, if these objections were obviated, the decree gave George Armistead no title to the actual possession of any part of the land in the declaration mentioned ; and the possession of the appellant, under a judgment in this case, can no more affect his title, under the will of his father, John Armistead, than the possession of William Armistead prior to the execution of the mortgage to Morehouse. The same course of reasoning, the court is of opinion, applies to the other defendant Lucy Armistead. Until her dower was assigned her, she had no title to the possession of any part of the land in controversy. The appellant will take the possession, in this case, subject to her rights.
The court, on these grounds, reverses the judgment of the superior court, and gives judgment for the appellant.