# CHARLESTON.

## JOHNSTON v. GRISWOLD AND RODGERS.

### February 23, 1875.

1875.
January Term.

1. In an action of ejectment there is no error in a judgment sustaining a special plea to the effect that since the last continuance of the cause that the plaintiff had conveyed by deed all his title to another party, his name being stated—as evidence in support of the plea can be given under the general issue: And, moreover, the Code provides, chapter ninety, section thirteen, that a defendant in ejectment shall plead the general issue only, which shall be that he is not guilty of unlawfully withholding, &c.

2. The county court of Virginia, or its clerk, had no authority, in the year 1824, to admit to record a power of attorney executed in Kentucky, where its execution was acknowledged before a notary public, and certified by him. And a copy of such paper, authenticated by the clerk, is not competent evidence in place of the original.

This was a *supersedeas* granted on the petition of the defendants below, to a judgment of the circuit court of Greenbrier county, rendered on the 27th day of November, 1873, in a suit then pending in said circuit court, between Andrew D. Johnston and others plaintiffs, and Simeon Griswold and Cornelius Rodgers defendants.

The other facts appear in the opinion of the Court.

The Hon. Homer A. Holt, judge of said circuit court, presided at the trial below.

*Samuel Price,* for the appellants.

*Adam C. Snyder* and *Robert F. Dennis,* for the appellees.

PAULL, JUDGE:

1874.
January Term.

Johnston
v.
Griswold and
Rodgers.

In the year 1856, the plaintiffs brought their action of ejectment against the defendants, in the county of Greenbrier, to recover the possession of a tract of land containing about eighty-five acres. The defendants pleaded not guilty, and the plaintiffs replied generally. Subsequently the defendants filed a special plea, as far as the land in controversy is concerned, alleging that since the last continuance of this cause, to-wit, on the 4th day of February, 1871, the plaintiffs conveyed all their title in the premises in question to one James Jarrett, and this they are ready to verify, wherefore they pray judgment,&c. To this special plea the plaintiffs demurred, and the court sustained the demurrer. The parties went to trial upon the issue of not guilty, and the evidence being heard, the jury found for the plaintiffs the premises in the declaration mentioned, in severalty, in fee simple; described, &c. The defendants moved the court to set aside the verdict and grant a new trial, which motion was overruled by the court, and judgment entered for the plaintiffs.

During the progress of the trial the defendants took a bill of exceptions, from which it appears that the plaintiffs, to sustain the issue on their part, offered, *first*, a grant from the Commonwealth of Virginia to Henry Banks, dated the 12th day of May, 1798. The plaintiffs then offered in evidence, from one of the deed books of Greenbrier county, a writing entered in said deed book, among other writings therein, which book was one of a regular series of deed books, in which the deeds and other writings of said county are duly recorded, purporting to be the record of a power of attorney from said Banks to one William Prentiss, with the certificates thereto attached, and which is fully set forth in the bill of exceptions.

The defendants objected to said record as evidence, and moved to exclude the same from the jury, because
31

1875.
January Term.

Johnston
v.
Griswold and
Rodgers.

it did not appear that it had been acknowledged in such a manner as to entitle it to recordation at the time it was recorded. The plaintiffs then gave evidence proving who were the clerks, principal deputy and assistant, by one of which said paper was recorded, and by another of which the words "examined and delivered to John Mays," on the margin of said record, was made, and that the latter was a careful and exact officer, and who, in the opinion of the witness, who knew him well, and his custom of transacting his official business, would not have made such marginal entry, without having himself carefully compared said record with the original, from which the record was made, and found that they corresponded in every word; that these parties were all long since dead; that diligent inquiry for the original, in the clerk's office of Greenbrier county, from which said record was taken, was made, and that it could not be found. And thereupon the court permitted said record to be read to the jury, and to this ruling of the court the defendants excepted. The plaintiffs then offered a deed from said Henry Banks, executed by said William Prentiss, as his attorney, to A. and G. Hamilton and others, which was duly acknowledged and recorded in Greenbrier county; and also a deed from said Hamilton and others, to the plaintiffs; thus completing plaintiffs' chain of paper title.

The jury having found a verdict for the plaintiffs, the defendants moved for a new trial, which motion the court overruled, and the defendants excepted on the ground that the verdict was contrary to the evidence; and for other reasons stated in the second bill of exceptions; and asked the court to spread the facts upon the record; and the court certified the deeds aforesaid, and power of attorney to Banks, and also a deed from the plaintiffs to James Jarrett; and also that testimony was introduced tending to prove certain facts stated in the bill of exceptions. From the judgment in this case the defendants have obtained an appeal to this Court.

The *first* error assigned is, that the court sustained the demurrer to the special plea. This was not error; evidence of its truth could be given under the general issue. Moreover, the thirteenth section of chapter ninety of the Code provides that the defendant, in an action of ejectment, shall plead the general issue only, which shall be that he is not guilty, &c.

The *next* error assigned is, the admission by the court of what purported to be a copy of a power of attorney from Banks to Prentiss. This assignment is well taken. This paper purports to have been a copy of an original, executed in January, 1824, in Franklin county, in the State of Kentucky, and to have been acknowledged before a notary public in said county and state. This paper, so acknowledged and otherwise certified, was admitted to record in the county of Greenbrier. It is conceded that there was, at this time, no law in the state of Virginia which authorized a paper so acknowledged and certified to be recorded in any county. This being so, no copy of such paper, however certified by the clerk or recorder of such county as having been taken or correctly made from the record or deed books, can be proper evidence, nor the book itself, which to that extent is not a record. This point appears to have been expressly ruled in the case of *Pollard's Heirs v. Lively*, 2 Gratt. 216. The court say, after stating that an office copy of a deed, authorized to be admitted to record, may be used in evidence, but that where the law gives no authority for the reception of such acknowledgment or proof and admission to recordation, the record of those acts and the certificate of the public custodian of the record are entitled to no more respect than if the same had been performed by a private individual. The county court of Greenbrier county, or its clerk, had no authority to order said deed to be recorded, and that the recordation thereof was of no validity. It is essential that the execution of the power of attorney, by virtue of which the deed from Banks to J.

1875.
January Term.

Johnston
v.
Griswold and
Rodgers.

and A. Hamilton and others was executed, should be established by competent proof. The office copy produced was not sufficient.

It is suggested, however, by the plaintiff's counsel that if said deed so executed by Prentiss as attorney has no other sanction, being duly recorded in 1824, it is a proper conveyance to form the basis of an adverse possession; that the facts proved and certified show that the plaintiff, and those under whom he claims, had been in the actual, adverse possession, under said deed, for more than thirty years before the institution of this suit, and that, therefore, the verdict was right. But the bill of exceptions reports neither the facts or the evidence; the court simply certifies that the plaintiff offered evidence tending to prove that the grantees under said deed took possession of said land and improved the same and those claiming under them have so continued to do. But, in the absence of all knowledge of the facts, the Court cannot adopt the suggestion, and hold that the verdict was right.

These being the chief questions and conclusion of this case, no other questions fairly arise upon the record for decision.

It is, therefore, considered by the Court: That, for the error aforesaid, the judgment of the circuit court be reversed and annulled, with costs to the appellants; and this Court, proceeding to give such judgment as the court below ought to have given, it is considered that the verdict of the jury in this cause be set aside, and a new trial be had—the costs of the former trial to abide the result of the suit. And this cause is remanded to the circuit court of Greenbrier county, to be further proceeded in according to law.

The other Judges concurred.

JUDGMENT REVERSED, VERDICT SET ASIDE AND CAUSE REMANDED.