(25 Misc. Rep. 314.)

### STINERVILLE & B. STONE CO. v. WHITE.

(City Court of New York, General Term.   November 18, 1898.)

1. ATTORNEY—AUTHORITY—ARBITRATION.

    It is not within the general scope of an attorney's authority to submit a controversy which is not an action, so that one claiming such submission must prove the authority.

2. VERDICT—REVIEW.

    A verdict on conflicting evidence as to existence of warranty, properly submitted, cannot be disturbed.

3. JUDGMENT—JURISDICTIONAL AMOUNT.

    A court rendering a judgment in excess of the amount which its jurisdiction allows may reduce it to such limit.

Appeal from trial term.

Action by the Stinerville & Bloomington Stone Company against George W. White.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed conditionally.

For former report, see 47 N. Y. Supp. 1149.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Parsons, Shepard & Ogden (H. B. Closson, of counsel), for appellant.
Jacob Fromme, for respondent.

O'DWYER, J.   This is an appeal from a judgment entered upon a verdict of the jury and from an order denying a motion for a new trial. Facts sufficient appear in the opinion, and we first consider the questions presented by the alleged submission and arbitration of the controversy prior to the commencement of the action.   We do not think the plaintiff was bound by the attempted submission of the controversy before the action brought.   If we assume that the submission was by authority, then, from what was submitted, as appears by the letter of the attorney consenting, the arbitrator in his report certainly exceeded his authority by including an item in favor of the defendant for half excess of freight charges; for, clearly, that was not within the reasonable scope of the matter submitted, namely, "to go over your accounts, measurements, and adjustments, *and anything else which you desire to exhibit,*" unless it be covered by the words in italics; and we are of the opinion that no such scope was intended to be given the arbitrator by the employment of the language referred to.   But there is patent reason for rejecting the arbitrator's report, and that is that no authority for the attorney's act was proven, even if it be insisted that the submission was in full and intended to cover the question of freight.   Whatever may be said in furtherance of the authority of an attorney to submit a controversy or any action, it is certain that the authority to submit a controversy which is not an action is not within the general scope of an attorney's authority, and being accepted, if at all, must be proven in order to be binding; and, as there was no proof in this instance, it cannot be accepted or relied upon as matter of defense.

Having disposed of so much of the defense interposed as is covered by an alleged submission and arbitration, we proceed further with the questions presented on this appeal to which allusions are made upon the appellant's brief, as follows: That the stone had been sold with the express warranty that they should be—First, of the best quality; second, thoroughly scabbled, and all irregularities chipped off, so as to leave each of the six surfaces of the block partly smooth, without excrescences or indentations; and, third, not have them weigh more than 160 pounds to the cubic foot.

The plaintiff claims to recover for 30,340 cubic feet of stone, at 20 cents a foot, amounting to $6,068.07, less the sum of $3,441.72 paid in cash, and an allowance of $557.77 to defendant for shortage in measurement and for bad stone, in all the sum of $3,999.49, leaving a balance claimed by the plaintiff of $2,068.58. The defendant admits that the price was agreed upon for such goods, wares, and merchandise, but denies that either it, or their reasonable value, exceeded the sum of $4,835.06, upon which he claims a credit of $3,441.72 cash paid as above, and a further sum of $557.77 on account of the bad and un-merchantable stone; which would leave, if this is all there is to defendant's claim, a balance in favor of the plaintiff of $831.11, exclusive of interest. But he denies that any balance whatever is due from him to the plaintiff, and on the alleged ground of freight charges and half measuring the stone. So far this is made a defense separate from the alleged defense of arbitration and award. In this connection, the letter of the defendant at pages 26 and 27 of the printed case is significant, as follows: "I send you two notes, of $500 each, at two and three months. As soon as we get an adjustment of the stone, I will likely send you a check for the balance of the account," —thus conceding at the date of this letter, April 13, 1895, that there was more than $1,000 due the plaintiff for the transaction. What the balance was, if, anything, does not appear to have been thereafter ascertained by the defendant, for the notes were returned a few days later, and a claim was subsequently made by the defendant that there had been a breach of express warranty on the part of the plaintiff as to the quality of the stone and its weight in blocks; the former insisting that the stone was not properly scabbled, and as a consequence the blocks were heavier, and the freight thereon largely increased. It is proper to say here that the question of freight constituted no part of the contract between the parties, and it is only claimed as an element of damages by the defendant in so far as the rate was increased because of the stone weighing 175 instead of 160 pounds, and that, because of this breach, he was entitled to be credited with the excess on any amount claimed by the plaintiff or to recover the same as an item of his damages.

Was there, therefore, any warranty binding upon the plaintiff, and how far, if at all, has such warranty been violated? If there was, and there has been a violation, then the defendant is entitled to all that flows from its breach, and, if the result shall overbalance the amount of the plaintiff's claim after all deductions properly to be allowed to the defendant, then the judgment appealed from cannot

stand; but if there was no such warranty, or if none such survived the acceptance of the material delivered, then the plaintiff was entitled to a judgment for such sum as was ascertained to be due it upon a proper computation of the accounts between the parties, and, as in this instance, to the amount of the verdict found by the jury. If, in addition to what we have already said, the verdict of the jury shall have been founded upon questions of fact that are in dispute, on which it was their province to settle in favor of one party or the other, as is the case wherever there is a conflict of evidence, then, unless prevented by the court from a full and fair consideration of all the evidence in the case by improper direction, that verdict is conclusive upon the court, and we cannot interfere or disturb it.

Defendant's counsel requested the court to charge the jury that, if they believed that it was guarantied that the stone should not weigh over 170 pounds per cubic foot, on an average, and that it would be properly scabbled, that is such a guaranty as constituted a warranty; also that, if there was such a warranty, it would survive acceptance, and the defendant would be entitled to recover such damages as he sustained by reason of any failure to come up to the warranty; and the court so charged. Defendant's counsel conceded upon the trial that he could not recover unless a collateral warranty was proven. The court allowed the question to go to the jury; so that we are able to say, from the record presented, that all the questions which it was material for the jury to consider were properly submitted in the very fair charge of the justice presiding.

The defendant excepted at the close of the charge to so much thereof as states that the defendant cannot recover for the defects in quality after accepting the stone, by the subsequent disposition of that question by the trial court, as follows:

"The Court: That is, if there was no warranty. Defendant's Counsel: I understand your honor to say that there could be no warranty as to quality. The Court: In the ordinary sale of goods; if I so charged, it is with the qualification that there was no warranty."

The question whether there was or was not such a warranty was before the jury as charged by the court upon the defendant's previous request.

The views above expressed appear to us to dispose of all the exceptions taken by the defendant in the course of the trial, without considering and referring to them in detail.

Entertaining this opinion, the verdict and judgment should stand, except that, from an examination of the record, an error appears that must be corrected at this time. The jurisdiction of the city court permits of a judgment in cases of this character for a sum not exceeding $2,000, with interest and costs. The verdict of the jury in the case at bar was for the sum of $2,273.33. This amount is $33.33 more than $2,000 with interest from the date when the claim became due, and from which interest was demanded; and upon this excess the court allows 5 per cent. extra allowance. The city court has control over its judgments, and may reduce a judgment entered for more than the jurisdiction permits.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the amount of judgment to the sum of $2,446.96, in which event this judgment and order appealed from are affirmed, without costs. All concur.