# CHARLESTON.

PAYNE v. RIGGS et als.

Submitted March 20, 1917.   Decided March 27, 1917.

1. APPEAL AND ERROR—*Preservation of Grounds of Review—Motion to Set Aside Verdict—Exception.*

   In order to obtain a review of the action of a circuit court upon a trial had before a jury it is necessary that the record in the court below show that the complaining party made a motion to set aside the verdict of the jury, that the same was overruled, and that he took proper exception thereto.   (p. 58).

2. MOTIONS—*Orders—Entry—Order Nunc Pro Tunc.*

   An order can be entered *nunc pro tunc* to make a record of what was previously done by the court although not then entered, but where the court has wholly omitted to make an order which it might or ought to have made, it cannot afterward be entered *nunce pro tunc.*   (p. 59).

3. APPEAL AND ERROR—*Harmless Error—Refusal to Allow Filing of Plea.*

   A party is not injured by the action of the circuit court in refusing to allow a plea to be filed because the same is not verified when such plea is not required by law to be verified, where he afterward swears to the plea and the same is allowed to be filed.   (p. 60).

4. LANDLORD AND TENANT—*Distress—Forthcoming Bond—Execution —Motion to Quash Notice.*

   A motion to quash a notice for the award of an execution on a forthcoming bond may be made within the same time that a plea may be received, but not after a plea has been filed unless the same be withdrawn by leave of the court.   (p. 61).

5. SAME—*Distress—Forthcoming Bond—Execution—Motion.*

   Upon a motion for the award of execution upon a forthcoming bond, in case the plaintiff in such motion is entitled to recover, execution should be awarded for the value of the property taken under said bond, unless such value is in excess of the amount of the plaintiff's claim, in which case the award of execution should be for the amount of the plaintiff's claim with costs.   (p. 61).

Error to Circuit Court, Kanawha County.

Distress proceeding by J. M. Payne against the Scott Motor Car Company, in which H. L. Riggs filed a claim and gave

a forthcoming bond, and in which, after he failed to have the property forthcoming, plaintiff moved for execution on the bond. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Alexander & McCabe* and *Morton & Mohler,* for plaintiffs in error.

*Payne, Minor & Bouchelle* and *Francis W. Payne,* for defendant in error.

RITZ, JUDGE:

The plaintiff, being the owner of a certain building situate in the city of Charleston which had been occupied by Scott Motor Car Company, sued out a distress warrant against said company for rent in arrears. Certain property found upon the premises was levied on under the distress warrant. The defendant Riggs claimed an interest in the property levied upon and gave a bond conditioned to have the property forthcoming at the time fixed for the sale thereof by the officer making the levy. He did not have the property forthcoming at that time, and this proceeding, by way of motion for execution on the forthcoming bond, was brought in the circuit court of Kanawha county.

At the outset we are met with a motion to dismiss the writ of error as improvidently awarded, the ground for such motion being that the defendants made no motion in the circuit court to set aside the verdict of the jury upon which judgment was rendered, and that no such motion having been made in the circuit court, no writ of error can be prosecuted because of errors committed upon the trial. The record in this case does not disclose that any motion was made by the defendants, or either of them, to set aside the verdict of the jury by an order entered at the term at which the judgment was rendered, and unless this failure was cured by the subsequent action of the circuit court then this Court cannot review the proceedings had upon the trial before the jury. *State* v. *Phares,* 24 W. Va. 657; *Danks* v. *Rodeheaver,* 26 W. Va. 274; *Fisher* v. *Camp,* 26 W. Va. 576; *Kemble* v.

*Herndon,* 28 W. Va. 524; *Brown* v. *Brown,* 29 W. Va. 777; *State* v. *Rollins,* 31 W. Va. 363; *Freeburn* v. *Ry. Co.,* decided at the present term of this court.

The defendants, however, contend that the record does show that they made a motion to set aside the verdict of the jury and grant to them a new trial. It appears that at the term subsequent to that at which the judgment complained of was rendered the defendants by their counsel appeared before the circuit court and asked to have an order entered *nunc pro tunc* showing that they had made a motion for a new trial at the previous term, and that the same was overruled, and that they excepted to such ruling. The circuit judge, after reciting the facts upon which it is based, entered at that time, as for the previous term, an order filing the motion for a new trial, overruling the same, and showing defendants' exception to such ruling. The facts recited by the court in his order are that counsel appeared at the former term of court for the purpose of making such motion, but that the court being engaged in other matters could not entertain it at that time. It does not show that he in fact directed any order to be entered at that term, either filing the motion for a new trial, or passing upon it. The order which was entered at a subsequent term of court upon its face shows that it was not an order which had been directed at the prior term, but was an order showing the action of the court then had. A *nunc pro tunc* order cannot be entered to make the action of the court speak as of a date different from the day upon which such action was had, the office of such *nunc pro tunc* order being to make the record speak the truth. If the court had entertained the motion and had overruled it at the previous term of the court and directed an order to be entered showing this fact, and the clerk had failed to enter the order, then a *nunc pro tunc* order could be entered showing this fact. The court's order entered in this case, which is claimed to be a *nunc pro tunc* order, shows upon its face that he did not direct such an order to be entered at the former term, and of course it must necessarily follow that if no order was made by the court at that term he could not at a subsequent time make an order and direct it to be entered as of a term

of the court at which no such action was had. The doctrine is very succinctly stated in 29 Cyc. 1516 to be: ''An order can be entered *nunc pro tunc* to make a record of what was previously done by the court, although not then entered, but where the court has wholly omitted to make an order, which it might or ought to have made, it cannot afterward be entered *nunc pro tunc.*'' The same doctrine is announced in *Vance* v. *Ry. Co.,* 53 W. Va. 338; *Gray* v. *Brignardello,* 1 Wall. 627; *Wilson* v. *Vance,* 55 Ind. 394; *O'Sullivan* v. *People,* (Ill.) 20 L. R. A. 143. It is clear from what has been said that there is nothing in this record to show that a motion for a new trial was made and overruled and exception taken thereto at the term of court at which the verdict was returned and the judgment complained of rendered, and the attempt by *nunc pro tunc* order to show that such was the case fails of its purpose.

It is contended, however, that we should not dismiss the appeal as improvidently awarded for the reason that exceptions are taken to the pleadings and also to the judgment entered by the court. It is quite true that a party to litigation may rely, if he chooses, upon the exceptions or objections to the pleadings of his adversary, and need not take any exceptions to the action of the court during the trial of the case. Under the state of the record here this is the condition in which the defendants are placed. Such was the holding of this court in the case of *Spence* v. *Robinson,* 35 W. Va. 313 and *Perry* v. *Horn,* 22 W. Va. 381. If there is any error in the pleadings in this case, or in the judgment rendered by the court upon the verdict, which the defendants raised below, they can take advantage of such error in this court, even though they did not move to set aside the verdict of the jury and grant to them a new trial of the matters arising upon the trial before the jury.

In the assignment of errors relied upon for reversal there are some questions which involve the pleadings and the judgment of the court rendered upon the jury's verdict. The first of these questions is the exception taken to the action of the court in refusing to allow the defendants to file their special plea because the same was not verified. This

assignment is entirely without merit.   It appears from the
record that the defendants upon being refused permission to
file the plea without verification immediately verified it, and
it was thereupon filed.   If there was error in the ruling of the
court refusing to permit the plea to be filed without the veri-
fication the defendants were not prejudiced by it, in as much
as they would get the same benefit from the verified plea
which was subsequently filed as they would from the plea had
it been filed without the verification.

It is also contended that the motion to quash the notice
should have been sustained.   The point is made that the no-
tice does not show the value of the property which had been
levied upon under the distress warrant, and that this is such
a defect as renders the notice invalid.   It will be noted that
no order of the court in this case shows that any motion was
made to quash the notice, but the bill of exceptions taken to
the action of the court on the trial before the jury shows that
at the conclusion of the evidence introduced before the jury
the defendants moved the court to quash the notice and
bond sued upon, which motion was overruled by the court.
It seems that this motion was made as a part of the proceed-
ings in the trial before the jury, and upon the ground of a
variance between the notice and the bond sued upon.   If
such be the case we cannot consider the question here.   But
treating it as a motion to quash the notice, how does the mat-
ter stand?   The record discloses that the defendants filed
their plea to this notice and proceeded with the trial of the
case without questioning it, and not until the trial was con-
cluded did they make any motion to quash the notice.   This
defect in the notice was one that could be cured by amend-
ment.   The bond sued upon showed the value of the property,
and had the objection been raised to the notice seasonably
it could have been amended and made to correspond with the
recitals in the bond.   The defendants will not be allowed to
file their pleas to the notice and go to trial thereon, and after
the trial is concluded raise for the first time by motion to
quash a defect in the notice which the record showed was
easily corrected by amendment.   If the defect in the notice
was of such character as could not be corrected by an amend-

ment, of course no recovery could be had thereon. Those were
the facts in the case of *Kunst* v. *Findley,* 73 W. Va. 152, re-
lied upon by the defendants. In that case the motion to quash
was seasonably made and the court held that the defect in
the notice and the failure to show the value of the property
might be corrected by showing the recitals in the bond to that
effect, but when it appeared that the bond itself did not
show this fact, no such amendment could be made, in as much
as there was nothing upon which to base it. A demurrer to
a declaration or a motion to quash pleadings, such as are in-
volved in this case, may be made at any time at which a plea
could be filed, and not afterward. Hogg's Pleadings & Forms,
page 145. In *Coyle* v. *R. Co.,* 11 W. Va. 94, it was held: ''A
general demurrer is a plea, and may be filed within the same
time that any other plea may be received, where no other plea
has been entered.''

A motion to quash the notice in a case like this is anala-
gous to a demurrer to the declaration in an ordinary action
at law. Applying this rule, certainly no plea could be filed
by the defendants after the trial had been had, and no de-
murrer could be filed after the filing of a plea unless such plea
was first withdrawn. It follows from what has been said that
the motion to quash, even if meritorious, came too late.

Another assignment of error is to the action of the court
in awarding execution against A. S. Alexander, trustee.
This would be an error if the statement was borne out by the
record. The fact was that A. S. Alexander, trustee in the
deed of trust under which Riggs claims; filed a petition in
which he asked among other things to be made a party de-
fendant to the suit. The order of the court permitted the
petition to be filed, but no order was ever entered permitting
Alexander to become a defendant to the suit, or granting
any of the relief asked for in said petition, and the order en-
tered by the court awarded the execution against Riggs and
the National Surety Company alone.

Complaint is also made that the execution was awarded for
the penalty of the bond, to be satisfied by the payment of the
amount of plaintiff's claim for rent. In this case it appears
from the recitals of the bond, and they are the statements of

the defendants, and are without contradiction, that the value of the property is eleven hundred dollars. The statute does not permit the plaintiff in a cause like this to recover the value of the property from the defendants when such value is in excess of the amount of his claim. When the value of the property is less than the amount of the claim of the plaintiff, or only equal to the amount of the claim of the plaintiff, then the execution is for the value of the property, but where the value of the property is in excess of the amount which the plaintiff claims the statute allows him to have execution only for the amount of his claim. This is the provision of section 4 of chapter 142 of the Code.

From what has been said it follows that the judgment complained of will be affirmed.                    *Affirmed.*