# CHARLESTON.

### F. H. SATTES v. W. G. PLEASANTS, JUSTICE.

Submitted September 17, 1918. Decided October 1, 1918.

1. CONTEMPT—*Excessive Fine—Reduction by Justice.*

   A justice of the peace by whom a judgment imposing a fine in excess of the amount authorized by law was rendered may amend it at any time, by an order reducing the amount of the fine to a sum within the limits of his jurisdiction. (p. 643).

2. PROHIBITION—*Defense to Writ—Sufficiency.*

   Such an amendment made between the dates of the issuance of a rule to show cause against the issuance of a writ of prohibition, to prevent collection of the fine, and its return, set up in the answer to the rule, constitutes a good defense to the action in prohibition. (p. 644).

3. SAME—*Jurisdiction of Justice.*

   In such case, the only ground of prohibition is an act of the justice in excess of his jurisdiction, and the amendment effectually eliminates it. (p. 644).

4. CONTEMPT—*Costs.*

   Section 192 of ch. 50 of the Code authorizes judgments for costs in contempt proceedings in justices' courts. (p. 644).

Petition of F. H. Sattes for a writ of prohibition to W. G. Pleasants, Justice of the Peace.

*Writ refused.* ·

*Morton & Mohler,* for petitioner.
*J. H. Hundley* and *Braxton Miller,* for respondent.

POFFENBARGER, PRESIDENT:

The answer to a rule in prohibition, awarded upon a petition showing the imposition of a fine by the respondent, in

excess of his jurisdiction, in a proceeding for contempt, and praying a writ of prohibition inhibiting the award of an execution on the judgment, sets up an amendment of the judgment, made between the dates of issuance of the rule and its return, by way of defense.

The judgment rendered on the 28th day of August, 1918, imposed a sentence of imprisonment for five days and a fine of $25.00 and $4.50 costs. The jail sentence was not in excess of the jurisdiction of the justice, but the fine was, the authority of justices to impose fines for contempt being limited to $10.00. Code, ch. 50, sec. 191. In his return, the justice represents that the petitioner was guilty of three distinct offenses, for which he intended to impose three separate fines amounting in the aggregate to $25.00, but that, in entering up the judgment on his docket, he treated the proceeding as one for a single offense and imposed a single fine of $25.00. The contempt for which the petitioner was arrested and formally tried was prevention of the attendance of a witness by intimidation, and the other two for which the justice claims right to have punished were acts of misconduct in the justice's court on the occasion of the trial on the intimidation charge. What disposition has been made of the jail sentence does not appear. The rule to show cause why a writ of prohibition shall not issue against the collection of the fine was awarded September 10, 1918, and executed three days later. It was made returnable September 17, 1918, and, on September 16, 1918, the justice corrected the judgment and reduced the fine from $25.00 to $10.00, and attempted to make the new order effective as of the 28th day of August, 1918. A transcript of the docket, showing both orders, is exhibited with the answer.

Treated as an amendment of the entry of August 28, that of September 16, is valid, effective and within the jurisdiction of the justice, even though it may be indefensible as a *nunc pro tunc* order. *Payne* v. *Riggs*, 80 W. Va. 57. Whether it is or not, there is no occasion to say. The court may at any time vacate the void part of a judgment, though the term has ended. *Jennings* v. *Judge*, 56 W. Va. 146; 17 Am. Enc. L. 125. A court rendering a judgment in excess of the amount

which its jurisdiction allows may reduce it to such limit. *Stinerville & B. Stone Co.* v. *White,* 54 N. Y. Supp. 577.

At the date of the issuance of the rule, the judgment was excessive and void to the extent of $15.00, and, if not corrected, a writ of prohibition would have been awarded to prevent enforcement thereof as to the excess, at least. The justice's right and power of amendment has enabled him to eliminate so much of his judicial action in the rendition of the judgment as was in excess of his jurisdiction. His amendment set up in answer to the rule constitutes a good defense to the proceeding against him. It has removed the only ground of prohibition found in the judgment as it was originally entered. The writ goes only against acts done without jurisdiction or in excess of jurisdiction. *Johnson* v. *Hunter,* 50 W. Va. 2. The justice had statutory authority to impose a fine not exceeding $10.00, and his judgment went beyond the bounds of his jurisdiction, only in the imposition of an additional $15.00.

Ordinarily, the writ is awarded against the enforcement of judgments for costs not authorized by statute, but the statute expressly gives justices jurisdiction to award and adjudge costs in proceedings for contempt. ch. 50, sec. 192.

For the reasons stated, the answer to the rule will be adjudged to be sufficient and award of the writ prayed for will be refused.

*Writ refused.*