REUBEN O. ZIRKLE *v.* MOORE, KEPPEL & COMPANY

(No. 6923)

Submitted May 20, 1931.   Decided May 26, 1931.

*Joseph J. Madden* and *Wm. T. George,* for plaintiff in error.
*Claude W. Maxwell* and *Samuel T. Spears,* for defendant in error.

LIVELY, JUDGE:

Plaintiff sued in ejectment and defendant pleaded the general issue, and by special plea set up a former adjudication and filed disclaimer. The court permitted the plea of *res judicata* to be filed over plaintiff's objection, and issue was joined thereon. That issue was submitted to the court by agreement. The court sustained the plea and dismissed the case, whereupon this writ followed.

Two questions arise: (1) Does section 30, chapter 90, Code 1923, (Code 1931, 55-4-10), permit a plea of *res judicata* in ejectment?; and (2) did the adjudication set up in the plea and record tendered with it estop plaintiff from maintaining his action in ejectment?

The code section above cited reads: "The defendant may demur to the declaration, as in personal actions, or plead thereto, or do both. But he shall plead the general issue only, which shall be, that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration. Upon such plea, the defendant may give in evidence any matter, which is pleaded in the former writ of

right, would have barred the action of the plaintiff.'' We will discuss the first question.

The action of ejectment is of comparatively recent origin, and was evolved from the ancient real actions at common law for the purpose of avoiding the technical difficulties and fictions pertaining to those actions. It supersedes the old possessory and droitural actions such as writ of entry, writ of right, writ of formedon in descender, and the like, and provides a simple and speedy method whereby any person who has a subsisting interest in the premises claimed and a right to recover the same or to recover. the possession thereof or some share, interest or portion thereof, may assert his right. Warville on Ejectment, chapter 1; Code 1923, chapter 90, section 4. It may be well to repeat here the observation of JUDGE HOLT in *Clark* v. *Perdue,* 40 W. Va. 300, 303: ''Our statute on the action of ejectment abolishes the writ of right, and moulds into the one action called 'ejectment', simple and comprehensive, all the substantial provisions of former law, with such improvements as were found to be proper to disentangle justice from nets of form, preserve all the benefits of the writ of right and of the action of ejectment, as well as all other actions, possessory and droitural, and is also made comprehensive enough to try the mere right to real property, as well as the right of possession, and to determine it finally, being substantially a writ of right as much as an action of ejectment.'' In the early stages of the transition of the old English actions for possession and title to real property in this country to the simpler action of ejectment the conclusiveness of a former judgment in ejectment as an estoppel against a subsequent suit in ejectment was questioned, and was determined in *Miles* v. *Caldwell,* 2 Wall. 35 (1864), where it was held that the former recovery was a bar to a subsequent suit, conceding it would be otherwise under the common law rule. See also *Chapman* v. *Armistead,* 4 Munf. 382 (Va. 1815). We perceive no reason for not applying the principles of estoppel and *res judicata* to ejectment cases, for sound public policy and reason dictates that there should be an end of litigation, and where a matter has been once heard and determined by a court of competent jurisdiction and its judg-

ment has become final, it shall not subsequently be heard in any other court between the same parties. It was so held in *Clark* v. *Perdue*, 40 W. Va. 300. But the application of that principle in this ejectment case is not here questioned. The point is that it was improperly presented to the court by special plea in bar, whereas, the statute above quoted says that the only plea shall be the general issue—not guilty of unlawfully withholding the premises sued for. The statute, however, does not preclude pleas in abatement. Such construction was given it in *James River & Kanawha Co.* v. *Robinson*, 16 Gratt. (Va.) 434, and in *Reynolds* v. *Cook*, 83 Va. 817. But this Court has held in *Johnston* v. *Griswold & Rodgers*, 8 W. Va. 240, that a special plea stating that pending the action plaintiff had conveyed the land in dispute was improper, for such defense could be made under the general issue. It was never intended by this statute that a former adjudication could not come into the case in bar of a recovery; or that the issue raised thereby should in all cases be tried to the jury. If the defense was made under the general issue, and then a proper record of the former adjudication presented, there being no disputed question of fact, the court would determine the question of law, whether the record was a bar. In ejectment, as in all other cases, the court determines questions of law, and the jury are the triers of fact. It will be noted that under the plea of the general issue "the plaintiff must be ready for any and all assaults upon his own title, and be prepared for every emergency that may arise in the progress of the trial; and he is entitled to no notice of any defense upon which his adversary may rely thereunder", except equitable defenses which the statute allows to be pleaded. Hogg's Pl. & Forms, p. 188. Wherein, therefore, was plaintiff prejudiced by the action of the court in permitting the plea to be filed? Unquestionably the record of the former judgment could have been introduced under the general issue; for under this plea anything that will bar right to recovery may be given in evidence. Hutchinson on Land Titles, sec. 469. The plea was notice to plaintiff of a defense which would be interposed after a jury was sworn. Granting that the filing of the plea was error, we cannot see wherein it

was prejudicial. It, at least, gave notice of a defense which, if good, as a matter of law barred recovery. And plaintiff realizing that the record of the former trial in bar raised a question of law for the court, and not for the jury, by agreement submitted that question of law to the court. If plaintiff had sued defendant in ejectment and received an adverse verdict and judgment, and, not being satisfied with that trial and judgment, should again sue defendant in ejectment for the same subject matter, it is not perceived why the former judgment cannot be relied upon as a complete bar; and even at common law where fictions allowed more than one trial for land, the courts of equity stepped in and enjoined to prevent defendant from being continually harrassed, after a sufficient number of trials had taken, place to fairly determine validity of title. *Miles* v. *Caldwell, supra,* p. 40. Under the common law rules of pleading, matter of estoppel should be specially pleaded. ''Thus, if the defendant obtained a verdict against the plaintiff in a former action upon the same cause of action as that which forms the subject of the second suit, if the verdict be not pleaded as an estoppel the defendant refers the merits to the second jury, and the verdict is merely *argument* and is not *conclusive* in his favor.'' Chitty on Pleading, (16th Ed.) Vol. 1, p. 667. Probably this rule would not apply to our modern action of ejectment under section 13, chapter 90, Code 1923, but it strongly negatives the intention of the legislature to allow, by that section, a jury to again pass upon a fact already tried by a former jury and confirmed by judgment of the court. Upon the coming in of the record of the former adjudication whether by way of plea or under the general issue, there being no question of fact in controversy thereon for jury determination, the court was called upon to act, and while the procedure was not technically correct under the statute, the same result would have been reached if the jury had been sworn and the record offered in bar after plaintiff had rested his case. Granting then that error was committed, it was not prejudicial to plaintiff; on the contrary, it saved him the expense of the effort to establish a title and right of possession—a title and right lost to him by former adjudication, if there was in fact such adju-

dication. Unless error be prejudicial, it will not cause reversal.

This brings us to the second question: Did the record of the former trial estop plaintiff from maintaining his present action? The record of a former trial between plaintiff herein, Reuben O. Zirkle, and Three Forks Coal Company was tendered and exhibited with the plea and considered by the court, wherein it appears that Reuben O. Zirkle instituted two former suits in the circuit court of Randolph County, one suit against the defendants herein, doing business as partners under the name of Moore, Keppel & Company, and the other against them as trading and doing business under the name of Three Forks Coal Company, both of which suits were for the recovery of a certain identical sum of money from defendants for mining coal within five feet of the division line between the lands owned by plaintiff and defendant. It was stipulated that the result of the suit against defendants trading as Three Forks Coal Company should operate as a satisfaction of the other suit, and that Three Forks Coal Company should be treated as the owner in fee simple and possessed of the tract of land adjoining the tract of plaintiff (on which the trespasses were alleged to have been committed by mining coal within five feet of the line thereof). Defendant denied having mined within five feet of plaintiff's line, and it became necessary to establish the location on the ground of that dividing line. Surveys were made and the decision of the case turned upon the true location of that line upon the ground. This controlling question was submitted to the jury as follows: "Where do you find to be the true location of the line in question running from the two maple sprouts N. 59 E. 181 poles, as claimed by plaintiff or as claimed by defendant? The jury answered: "Line No. 1 as shown by official map." Verdict for plaintiff was returned, and after a remittance of $500 for one alleged trespass was made, judgment was rendered for plaintiff for three trespasses over or within five feet of the division line as established by the jury. The case came to this Court and was affirmed in 103 W. Va. p. 614. A map of the lands showing the division line in controversy will be found on page 616 of that report, and makes clearer the controversy and the

finding of the court and jury. Plaintiff claimed the division line to be Line No. 4 on that map, while defendant claimed Line No. 5 to be the true line. The jury fixed Line No. 1. Plaintiff, by his present suit in ejectment, again claims Line No. 4 as his outside boundary and seeks to recover all of the land northwest of that line covered by his title papers. He seeks to recover the 18.75 acres lying between Line No. 4 and Line No. 5 marked as "disputed" on the map referred to. Defendant disclaims all of the land northwest of Line No. 1 established by the jury in the former case. The two tracts were originally in one tract and the true dividing line between these litigants settles the controversy in this suit. Can the location of that line on the ground be again tried? The parties in this and the former suit are the same and the controversy over a controlling fact is the same. It is true that the suits are not alike, one being for assumpsit for mining coal within five feet of the division line under the statute, and the other suit in ejectment. The forms of the suits are immaterial. The pertinent inquiry is what has been adjudicated. The location of the division line is vital in both suits. It is quite well established that an adjudication by a court having jurisdiction of the parties and subject matter is final and conclusive not only as to all matters actually determined, but as to every other matter which might have been properly adjudicated therein; and is *res judicata* in a subsequent suit between the same parties. *Rogers* v. *Rogers,* 37 W. Va. 407; *Curtis* v. *Railway,* 68 W. Va. 767; *Crisman* v. *Harman,* 29 Gratt. 493; *Dillard* v. *Dillard,* 97 Va. 434; *Crowell* v. *County of Sac,* 94 U. S. 351; *Bank* v. *Spencer,* 71 W. Va. 680; *Railway* v. *U. S.,* 168 U. S. 1.

The judgment is affirmed.

*Affirmed.*